677 S.E.2d 922

**Jennifer BONIEY, Plaintiff Below, Appellee**

v.

**Brian KUCHINSKI, Defendant Below, Appellee**

**State Farm Mutual Automobile Insurance Company, Appellant.**

**No. 34152.**

Supreme Court of Appeals of West Virginia.

Submitted March 24, 2009.

Decided May 14, 2009.

E. Kay Fuller, Esq., Martin & Seibert, Martinsburg, WV, for State Farm Automobile Insurance Company.

Joseph J. John, Esq., John Law Offices, Wheeling, WV, Daniel L. McCune, Esq., Sellitti, Nogay & McCune, Weirton, WV, for Jennifer Boniey.

BENJAMIN, Chief Justice:

State Farm Mutual Automobile Insurance Company, the appellant herein, appeals the September 14, 2007, order of the Circuit Court of Brooke County that granted summary judgment to Jennifer Boniey, the appellee, on the basis that the uninsured motor vehicle exclusion in Ms. Boniey's automobile insurance policy for vehicles "Designed for use mainly off public roads, except while on public roads" violates the letter and spirit of the uninsured motorist statute, W.Va.Code § 33–6–31(b) (1998). Because we conclude that an ATV is not an "uninsured motor vehicle" within the meaning of W. Va.Code § 33–6–31(b), we reverse and remand.

## I.

### FACTS

A thumbnail sketch of the relevant facts is as follows. Jennifer Boniey, the appellee, was injured while a passenger on an all-terrain vehicle (hereafter "ATV") owned and operated by Brian Kuchinski. At the time of the accident, the ATV was being driven off road. Mr. Kuchinski's automobile insurer at the time was GEICO Insurance. Ms. Boniey was insured under two policies issued by State Farm, the appellant, which contained uninsured motorist coverage. Liability coverage was denied to Mr. Kuchinski by GEI-

CO Insurance.[1] Therefore, Ms. Boniey submitted a claim to State Farm for uninsured motorist coverage. State Farm denied uninsured motorist coverage to Ms. Boniey on the basis that an ATV does not qualify as an uninsured motor vehicle while not operated on public roads. The policy language relied upon by State Farm for its denial of coverage provides that "An uninsured motor vehicle does not include a motor vehicle ... Designed for use mainly off public roads, except while on public roads."

Ms. Boniey then sued State Farm for coverage and both Ms. Boniey and State Farm subsequently moved for summary judgment. The Circuit Court of Brooke County ultimately granted summary judgment to Ms. Boniey in a September 14, 2007, order, after finding that the exclusion relied upon by State Farm in denying coverage to Ms. Boniey violated the letter and spirit of the uninsured motorist statute. On appeal, State Farm asks this Court to reverse the grant of summary judgment on behalf of Ms. Boniey.

## II.

### STANDARD OF REVIEW

■ We are called upon in this case to review a grant of summary judgment. Our review requires us to construe a statute and determine the coverage of an insurance contract. Accordingly, our standard of review is *de novo.* *See* Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo.*"); Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."); Syllabus Point 1, *Tennant v. Smallwood,* 211 W.Va. 703, 568 S.E.2d 10 (2002) ("Determination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law.").

**1.** According to the parties, Mr. Kuchinski's automobile insurance policy did not include coverage

## III.

### DISCUSSION

The sole issue in this case is whether a provision in an automobile insurance policy excluding an off-road ATV from uninsured motorist coverage violates the intent and purpose of the uninsured motorist statute at W.Va.Code § 33–6–31(b).

■ The contractual language in dispute in Ms. Boniey's State Farm automobile insurance policy provides that "An uninsured vehicle does not include a motor vehicle ... Designed for use mainly off public roads, except while on public roads." Under our law, "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Syllabus, *Keffer v. Prudential Ins. Co.,* 153 W.Va. 813, 172 S.E.2d 714 (1970). We find that the uninsured motorist exclusion in Ms. Boniey's State Farm policies is unambiguous. The provision clearly excludes from coverage Mr. Kuchinski's ATV which is designed for off-road use and which was not being operated on a public road at the time of the accident.

■ However, we also have held that "[i]nsurers may incorporate such terms, conditions and exclusions in an automobile insurance policy as may be consistent with the premium charged, so long as any such exclusions do not conflict with the spirit and intent of the uninsured and underinsured motorists statutes." Syllabus Point 3, *Deel v. Sweeney,* 181 W.Va. 460, 383 S.E.2d 92 (1989). Thus, even though the exclusion at issue in the State Farm automobile insurance policy is unambiguous, it will be given full effect only if it does not conflict with the intent and purpose of the uninsured motorist statute.

W.Va.Code § 33–6–31(b), known as the uninsured motorist statute, provides in applicable part:

> [No policy or contract of bodily injury liability insurance, or of property damage liability insurance, covering liability arising

of his ATV.

from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this state] unless it shall contain an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of section two [§ 17D–4–2], article four, chapter seventeen-d of this code, as amended from time to time[.]

The circuit court below, in deciding whether an off-road ATV is a "motor vehicle" for the purposes of W.Va.Code § 33–6–31(b), first determined that W. Va.Code § 33–6–31 does not define the term "motor vehicle." As a result, the circuit court looked to the definition of "motor vehicle" in W. Va.Code § 17A–1–1(b) (2004) which defines "motor vehicle" as "every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails." In order to define "vehicle," the court relied upon W. Va.Code § 17A–1–1(a), which provides that " 'Vehicle' means every device in, upon or by which any person or property is or may be transported or drawn upon a highway, excepting devices moved by human power or used exclusively upon stationary rails or tracks." For the definition of the term "all-terrain vehicle," the court referred to W. Va.Code § 17F–1–9 (2004), which provides that

> As used in this chapter, "all-terrain vehicle" or "ATV" shall mean any motor vehicle, fifty-two inches or less in width, having an unladen weight of eight hundred pounds or less, traveling on three or more low pressure tires with a seat designed to

be straddled by the rider, designed for or capable of travel over unimproved terrain.

The circuit court noted that both Ms. Boniey and State Farm used the same statutory language but differed as to whether an ATV is a "motor vehicle" under W. Va.Code § 33–6–31(b). The court found dispositive this Court's statement in *State ex rel. Sergent v. Nibert,* 220 W.Va. 520, 523, 648 S.E.2d 26, 29 (2007), that "the definitions provided by the Legislature clearly include an all-terrain vehicle as a motor vehicle." The court then concluded that an ATV is a "motor vehicle" for purposes of W.Va.Code § 33–6–31(b).[2]

■ This Court finds that the circuit court's analysis is flawed because it does not take into consideration the policy underlying the uninsured motorist statute which was not relevant in *Nibert.* *See* n. 6, *infra.* We are guided rather by the policy underlying the enactment of the uninsured motorist statute. "The uninsured motorist statute, West Virginia Code § 33–6–31 (Supp.1986), is remedial in nature and, therefore, must be construed liberally in order to effect its purpose." Syllabus Point 7, *Perkins v. Doe,* 177 W.Va. 84, 350 S.E.2d 711 (1986). The intent and purpose of the uninsured motorist statute was previously explained by this Court as follows:

> W. Va.Code, 33–6–31(b) [1998], provides minimum coverage for uninsured motorist protection equal to that contained in our financial responsibility law, W. Va.Code, 17D–4–2 (1979). W. Va.Code, 17D–4–2, requires a limit of $20,000 for bodily injury or death of one person and $40,000 for two or more persons injured or killed in any one accident. Uninsured motorist insurance coverage is mandatory.

---

2. Although the term "motor vehicle" is not defined in the statute, W. Va.Code § 33–6–31(c) defines "uninsured motor vehicle" as

> a motor vehicle as to which there is no: (i) Bodily injury liability insurance and property damage liability insurance both in the amounts specified by section two [§ 17D–4–2], article four, chapter seventeen-d of this code, as amended from time to time; or (ii) there is such insurance, but the insurance company writing the same denies coverage thereunder; or (iii) there is no certificate of self-insurance issued in accordance with the provisions of said section. A motor vehicle shall be deemed

to be uninsured if the owner or operator thereof be unknown[.]

In addition, W. Va.Code § 33–6–31(j) states, in part, that

> A motor vehicle shall be deemed to be uninsured within the meaning of this section, if there has been a valid bodily injury or property damage liability policy issued upon such vehicle, but which policy is uncollectible, in whole or in part, by reason of the insurance company issuing such policy upon such vehicle being insolvent or having been placed in receivership.

Syllabus Point 1, *Miller v. Lambert*, 195 W.Va. 63, 464 S.E.2d 582 (1995). Further, *W.Va.Code*, 33-6-31(b), as amended, on uninsured and underinsured motorist coverage, contemplates recovery, up to coverage limits, from one's own insurer, of full compensation for damages not compensated by a negligent tortfeasor who at the time of the accident was an owner or operator of an uninsured or underinsured motor vehicle.

Syllabus Point 4, in part, *State Auto. Mut. Ins. Co. v. Youler*, 183 W.Va. 556, 396 S.E.2d 737 (1990). Finally, we have declared that "[t]he primary, if not sole purpose of mandatory uninsured motorist coverage is to protect innocent victims from the hardships caused by negligent, financially irresponsible drivers." *Perkins v. Doe*, 177 W.Va. 84, 87, 350 S.E.2d 711, 714 (1986) (internal quotations and citation omitted). It is clear from our prior pronouncements that the uninsured motorist statute is intended to protect victims who are injured by the negligence of drivers who have failed to comply with the liability insurance requirements of W. Va. Code § 17D-4-2 (1979).

West Virginia Code § 17D-4-2, which is known as our financial responsibility law, provides:

> The term "proof of financial responsibility" as used in this chapter shall mean: Proof of ability to respond in damages for liability, on account of accident occurring subsequent to the effective date of said proof, arising out of the ownership, operation, maintenance or use of a motor vehicle, trailer or semitrailer in the amount of twenty thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to said limit for one person, in the amount of forty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and in the amount of ten thousand dollars because of injury to or destruction of property of others in any one accident.

This statute is a part of the Motor Vehicle Safety Responsibility Law, W. Va.Code

§§ 17D-1-1 to 17D-6-7, one purpose of which "is to promote the public welfare by requiring every owner or registrant of a motor vehicle licensed in this State to maintain certain security during the registration period for such vehicle." W. Va.Code § 17D-2A-1 (1981). This required security is satisfied either:

> (1) By an insurance policy delivered or issued for the delivery in this state by an insurance company authorized to issue vehicle liability and property insurance policies in this state within limits which shall be no less than the requirements of section two [§ 17D-4-2], article four, of this chapter; or

> (2) By qualification as a self-insurer under the provisions of section two [§ 17D-6-2], article six of this chapter.

W. Va.Code § 17D-2A-3(d) (2006).[3]

■ Significantly, the Legislature has not required all motor vehicles to maintain security in the form of an insurance policy within the limits of W. Va.Code § 17D-4-2. Instead, the Legislature has expressly indicated that the security requirement applies to "[e]very owner or registrant of a motor vehicle *required to be registered and licensed in this state.*" W. Va.Code § 17D-2A-3(a) (emphasis added). *See also* W. Va.Code § 17D-2A-2 (1982) (applying proof of security in article 2A to "the operation of all motor vehicles *required to be registered*" (emphasis added)); W. Va.Code 17D-2A-1 (purpose of article 2A "is to promote the public welfare by requiring every owner or registrant of a motor vehicle *licensed* in this State to maintain certain security *during the registration period for such vehicle*" (emphasis added)). Therefore, a motor vehicle that is not required to be registered and licensed pursuant to W. Va.Code §§ 17A-3-1, *et seq.* is excepted from the mandatory security provisions in the Motor Vehicle Safety Responsibility Law including motor vehicle liability insurance coverage mandated by W. Va.Code § 17D-4-2.

---

**3.** When the ATV accident occurred below, the 1988 version of W. Va.Code § 17D-2A-3 was in effect. The statute was amended effective 2006.

We quote from the most recent version of the statute above which does not effect our analysis.

In order to determine whether a motor vehicle is required to be registered and licensed, we look to W.Va.Code § 17A–3–2(a) (2004).[4] This code section provides that "[e]very motor vehicle, trailer, semitrailer, pole trailer and recreational vehicle when driven or moved upon a highway is subject to the registration and certificate of title provisions of this chapter." There are, however, several exceptions to this rule. The exception applicable to the instant case is found in W. Va.Code § 17A–3–2(a)(6), which provides that "[t]he following recreational vehicles are exempt from the requirements of annual registration, license plates and fees, unless otherwise specified by law, but are subject to the certificate of title provisions of this chapter regardless of highway use: Motorboats, *all-terrain vehicles* and snowmobiles[.]" (Emphasis added). Pursuant to this code section, ATVs are expressly excepted from the requirements of annual registration and licensing under W. Va.Code § 17A–3–1 *et seq.* We conclude, therefore, that because ATVs are not required to be registered and licensed in this State, such vehicles also are not required to have motorist liability insurance coverage pursuant to the financial responsibility law at W.Va.Code § 17D–4–2.

As noted above, uninsured motorist coverage is intended to provide the equivalent of motor vehicle liability coverage under our financial responsibility law. In other words, uninsured motorist coverage is intended to place a motorist who is injured by the negligence of an uninsured motorist in the position he or she would have been in if the negligent motorist had complied with the financial responsibility law and procured the required amount of liability insurance. Where no liability insurance coverage is required on a motor vehicle under the financial responsibility law, obviously no uninsured motorist coverage is mandated to provide the equivalent of such coverage. Consequently it would not further the purpose of the uninsured motorist statute to construe the statute to require uninsured motorist insurance to cover those motor vehicles which are not required by the financial responsibility law to have liability insurance coverage. Therefore, we find that a vehicle which is not required to have liability insurance coverage in the amounts specified by W. Va.Code § 17D–4–2 is not an "uninsured motor vehicle" within the meaning of W. Va.Code § 33–6–31(b). This finding is consistent with the definition of "uninsured motor vehicle" in W. Va.Code § 33–6–31(c) which provides in relevant part that "the term 'uninsured motor vehicle' shall mean a motor vehicle as to which there is no … Bodily injury liability insurance and property damage liability insurance both *in the amounts specified by* [W. Va.Code § 17D–4–2]." (Emphasis added).

Based on the above, this Court determines that because an ATV is not required to have liability insurance coverage under the financial liability law, an ATV is not an "uninsured motor vehicle" for the purposes of W. Va.Code § 33–6–31(b). Accordingly, we conclude that an insurance policy provision excluding ATVs from the uninsured motorist coverage mandated by W. Va.Code § 33–6–31(b) does not violate the intent and purpose of the uninsured motorist statute.

This conclusion is not only supported by the purpose of the uninsured motorist provisions of W. Va.Code § 33–6–31(b), but also by the purpose of W. Va.Code § 33–6–31 as a whole. A plain reading of W. Va.Code § 33–6–31 indicates that its purpose is to mandate the minimum types and levels of coverage that an automobile insurance policy issued in this State must contain. *See* W. Va.Code § 33–6–31(i) (providing that commissioner of insurance shall formulate and require the use of standard policy provisions for insurance required by this section); 114 C.S.R. § 63–2.1 (April 3, 2003) (legislative rule defining the term "motor vehicle" for the purpose of W. Va.Code § 33–6–31 as "a car, auto, or other synonym as such word is defined in the policy"). The principal purpose of mandatory automobile insurance is to protect the named insured and members of the public generally who are injured by the

4. Article 3 of Chapter 17A of the W. Va.Code is titled "Original and Renewal of Registration; Issuance of Certificates of Title."

wrongful operation of an automobile on a public highway. *See West v. Collins,* 251 Kan. 657, 840 P.2d 435 (1992) (indicating that purpose of compulsory automobile liability insurance is to protect members of general public injured on highway through operation of covered automobile); *Thomas v. National Auto. and Cas. Ins.,* 875 P.2d 424 (Okla.1994) (providing that purpose of compulsory liability insurance law is to protect public using highways from financial hardship resulting from use of automobiles by financially irresponsible persons). The purpose of protecting persons injured on public highways is not advanced by requiring an automobile insurance policy's uninsured motorist provision to cover off-road ATVs.

■ In contrast to automobiles and other vehicles designed mainly for operation on public highways, ATVs are designed for off-highway use. *See* W. Va.Code § 17A–1–1(ii) (2004) (defining an ATV as "any motor vehicle designed for off-highway use having a seat or saddle designed to be straddled by the operator and handlebars for steering control"); W. Va.Code § 11–6C–1 (2008) (characterizing an ATV as an "off road vehicle[ ] primarily designed for recreational use"); W. Va.Code § 17A–6–1(a)(26) (1999) (defining an ATV as "any motor vehicle designed for off-highway use and designed for operator use only with no passengers, having a seat or saddle designed to be straddled by the oper-

ator, and handlebars for steering control"). In recognition of the fact that ATVs are designed for off-road use, the Legislature has seen fit to significantly limit the operation of ATVs on public roads in W. Va.Code § 17F–1–1(a) (2004),[5] and has enacted special regulations that govern the operation of ATVs. *See e.g.,* W. Va.Code § 17F–1–7(b) (2004) (providing that operator of ATV is not required to possess motor vehicle operator's license); W. Va.Code § 17A–3–2(a)(6) (2004) (indicating that ATV is not required to be registered and licensed); W. Va.Code §§ 20–15–1 (recognizing inherent risks in the operation of ATVs as a reason for enactment of ATV Responsibility Act); W. Va.Code §§ 17F–1–1 to 17F–1–9 (providing solely for the regulation of ATVs). Simply put, W. Va.Code § 33–6–31 governs the requirements of automobile insurance policies covering automobiles and other vehicles designed for operation on public highways and not the operation of vehicles designed for off-road use such as ATVs.[6]

■ Accordingly, for the reasons stated above, we hold that a provision in a motor vehicle liability insurance policy excluding an off-road all-terrain vehicle or ATV from uninsured motorist coverage does not violate the intent and purposed of the uninsured motorist statute at W. Va.Code § 33–6–31(b) (1998).

---

**5.** According to W. Va.Code § 17F–1–1(a), in part, (a) No all-terrain vehicle may be operated in this state:
(1) On any interstate highway except by public safety personnel responding to emergencies;
(2) On any road or highway with a center line or more than two lanes except for the purpose of crossing the road, street, or highway, if:
(A) The crossing is made at an angle of approximately ninety degrees to the direction of the highway and at a place where no obstruction prevents a quick and safe crossing;
(B) The vehicle is brought to a complete stop before crossing the shoulder or main traveled way of the highway;
(C) The operator yields his or her right-of-way to all oncoming traffic that constitutes an immediate potential hazard; and
(D) Both the headlight and taillight are illuminated when the crossing is made if the vehicle is so equipped[.]

**6.** Ms. Boniey argues in her brief to this Court that the ATV at issue is an uninsured motor vehicle for the purposes of W.Va.Code § 33–6–

31, because it meets the statutory definition of a "motor vehicle." In support of her argument that an ATV is a "motor vehicle" under statutory law, Ms. Boniey relies on *State ex rel. Sergent v. Nibert, supra.* Also, Ms. Boniey asserts that W. Va.Code § 33–6–31(b) does not make the existence of uninsured motorist coverage dependent upon whether the motor vehicle in question was being operated off-road or on a public highway at the time of the accident. Because we do not base our decision herein on a finding that an ATV does not meet the statutory definition of a "motor vehicle" or the fact that Mr. Kuchinski's ATV was not being operated on a public highway at the time of the accident, we find it unnecessary to address these arguments.

We do note, however, that Ms. Boniey's reliance on *Nibert* is misplaced. The fact that an ATV is a "motor vehicle" under W. Va.Code § 17B–4–3, does not indicate that an ATV is an "uninsured motor vehicle" for the purpose of W. Va.Code § 33–6–31(b).

## IV.

## CONCLUSION

In conclusion, we reverse the September 14, 2007, order of the Circuit Court of Brooke County that granted summary judgment in favor of Ms. Boniey, and we remand this case for proceedings consistent with this opinion.

Reversed and remanded.