LOUGHRY, Justice:
Erie Insurance Property and Casualty Company ("Erie") appeals two orders of the Circuit Court of Hampshire County entered in a civil action instituted by Ricky A. Dolly, Erie's insured. First, Erie appeals the November 10, 2016, Order Granting Plaintiff's Petition for Declaratory Judgment, wherein the circuit court held that Erie was required to provide Mr. Dolly with the statutory minimum amount of uninsured motorist coverage[1] for a trailer and all-terrain vehicle ("ATV") that Mr. Dolly was towing when he was struck by an at-fault, uninsured motorist. Second, Erie appeals the July 11, 2016, order through which the circuit court denied Erie's motion to dismiss Mr. Dolly's separate claims for common law bad faith and violation of the Unfair Trade Practices Act ("UTPA")[2] (collectively referred to herein as "the bad faith claims"). Upon a review of this matter, we conclude that the circuit court correctly granted declaratory judgment in favor of Mr. Dolly on the coverage issue. We also determine that Erie's challenge to the order denying its motion to dismiss the bad faith claims is an interlocutory matter not subject to appeal at this time. Accordingly, we affirm the declaratory judgment ruling and remand the case to the circuit court for further proceedings.
I. Factual and Procedural Background
On September 13, 2013, Mr. Dolly was driving his pick-up truck along a highway in Hampshire County. The truck was towing a trailer that carried an ATV, both of which were owned by Mr. Dolly. Emily M. Cole, while operating a sports utility vehicle owned by her father, negligently struck the side of Mr. Dolly's vehicle. Mr. Dolly was not injured but he suffered the total loss of his truck, trailer, and ATV as the result of this collision.
The Coles failed to maintain any liability insurance on their sports utility vehicle, and Mr. Dolly filed a claim with his own automobile insurance carrier, Erie. His Erie automobile policy provided $10,000 in uninsured motorist coverage for property damage. Soon after the collision, Erie paid Mr. Dolly for the loss of his truck.[3] However, relying on policy exclusions,[4] Erie denied coverage and *879 refused to pay for the trailer and ATV.[5]
Mr. Dolly filed suit against the Coles in May 2014. In December 2014, the complaint was amended to name Erie as a notice party, but no claims were asserted against Erie.[6] In or about September 2015, Mr. Dolly and Ms. Cole entered into a settlement agreement whereby Ms. Cole admitted liability, confirmed that she was an uninsured motorist, and conceded that Mr. Dolly's uncompensated property damages were $19,420.72. Erie did not object to the settlement agreement; therefore, by order entered November 2, 2015, the circuit court adopted the settlement terms and entered judgment in favor of Mr. Dolly for $19,420.72 plus interest.
On March 9, 2016, Mr. Dolly moved the circuit court for leave to amend his complaint to add claims against Erie; this motion was granted on March 17, 2016. In this amended complaint, Mr. Dolly sought a declaratory ruling that Erie was responsible for paying for the trailer and the ATV pursuant to his uninsured motorist coverage. In separate counts, he also alleged and sought damages for common law bad faith and violation of the UTPA. Erie filed a motion to dismiss this amended complaint as time-barred, which the circuit court denied by order of July 11, 2016. Thereafter, Erie filed a counterclaim for declaratory relief arguing that there was no uninsured motorist coverage for the trailer and the ATV because of the policy exclusions.[7] In cross motions, Mr. Dolly and Erie each argued in support of their respective petitions for declaratory judgment on the coverage issue.
After considering the parties' arguments, the circuit court entered its declaratory judgment order on November 10, 2016. The court concluded that despite the exclusionary language in the policy, Mr. Dolly was entitled to recover up to the statutorily-mandated uninsured motorist coverage minimum limit for the loss of his trailer and for the ATV that was being hauled on the trailer. See W.Va. Code § 33-6-31(b) (1998) (requiring uninsured motorist coverage in minimum amount specified by W.Va. Code § 17D-4-2 (1979) ). At the time of this collision and the effective dates of Mr. Dolly's policy, the mandatory minimum for property damage coverage was $10,000. See id. However, the circuit court also determined that Erie was not required by law to provide uninsured motorist coverage for amounts in excess of the statutorily-mandated minimum. Accordingly, the circuit court entered judgment against Erie in the amount of $10,000.[8] By separate order, the *880 circuit court stayed its consideration of the common law bad faith and UTPA claims pending Erie's appeal of the declaratory judgment order.[9]
II. Standard of Review
The coverage issue that Erie brings before this Court presents a question of law arising from a declaratory judgment order. "A circuit court's entry of a declaratory judgment is reviewed de novo ." Syl. Pt. 3, Cox v. Amick , 195 W.Va. 608, 466 S.E.2d 459 (1995). Moreover, it is well-settled that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a de novo standard of review." Syl. Pt. 1, Chrystal R.M. v. Charlie A.L. , 194 W.Va. 138, 459 S.E.2d 415 (1995). With this plenary standard in mind, we consider Erie's petition for appeal.
III. Discussion
A. Uninsured motorist coverage for the trailer and ATV
Erie argues that pursuant to its clear and unambiguous policy exclusions, Mr. Dolly's trailer and ATV are not covered by his uninsured motorist coverage. "Where provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute ... the provisions will be applied and not construed." Syl. Pt. 2, in part, Shamblin v. Nationwide Mut. Ins. Co. , 175 W.Va. 337, 332 S.E.2d 639 (1985) (citations omitted). In his brief to this Court, Mr. Dolly does not allege ambiguity in any of the policy's exclusionary language. Instead, he argues, and the circuit court found, that Erie's denial is contrary to statutory law.
The issue before this Court is whether, notwithstanding the policy exclusions, the Uninsured Motorist Law, West Virginia Code § 33-6-31(b) (1998),[10] requires Erie to provide up to the statutorily-mandated minimum limit of uninsured motorist coverage for the trailer attached to Mr. Dolly's truck and the ATV that was being hauled on that trailer. This law specifies:
Nor shall any such policy or contract [of motor vehicle liability insurance] be so issued or delivered unless it shall contain an endorsement or provisions undertaking to pay the insured all *881 sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of section two [ § 17D-4-2 ], article four, chapter seventeen-d of this code, as amended from time to time: Provided, That such policy or contract shall provide an option to the insured with appropriately adjusted premiums to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle up to an amount of one hundred thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, in the amount of three hundred thousand dollars because of bodily injury to or death of two or more persons in any one accident and in the amount of fifty thousand dollars because of injury to or destruction of property of others in any one accident[.]
W.Va. Code § 33-6-31(b), in part.[11] Pursuant to this statutory language, an insurer must provide the statutorily-designated minimum amount of uninsured motorist coverage (at the time of this accident, $10,000 for property damages[12] ) to reimburse the insured for "all sums which he shall be legally entitled to recover as damages from" an uninsured motorist. Id. However, uninsured coverage above the minimum amount is optional. Id. The purpose of the Uninsured Motorist Law is "to protect victims who are injured by the negligence of drivers who have failed to comply with the liability insurance requirements[.]" Boniey v. Kuchinski , 223 W.Va. 486, 491, 677 S.E.2d 922, 927 (2009) (referencing Perkins v. Doe , 177 W.Va. 84, 87, 350 S.E.2d 711, 714 (1986), and other precedent).
Because Mr. Dolly is "legally entitled to recover as damages" compensation for his destroyed trailer and ATV from Ms. Cole, who is "the owner or operator of an uninsured motor vehicle[,]" the circuit court found that Erie must, by law, provide the statutorily-mandated minimum amount of uninsured motorist coverage for this loss. It is well-settled that "[s]tatutory provisions mandated by the Uninsured Motorist Law ... may not be altered by insurance policy exclusions." Syl. Pt. 1, in part, Deel v. Sweeney , 181 W.Va. 460, 383 S.E.2d 92 (1989). Similarly, "[i]nsurers may incorporate such terms, conditions and exclusions in an automobile insurance policy ... so long as any such exclusions do not conflict with the spirit and intent of the uninsured ... motorists statutes." Id. at 460-61, 383 S.E.2d at 92-93, syl. pt. 3, in part. We agree with the circuit court's conclusion.
Instructive on the issue before us is Imgrund v. Yarborough , 199 W.Va. 187, 483 S.E.2d 533 (1997), which addressed an "owned but not insured" exclusion. Relying upon this exclusion, an insurance company sought to exclude bodily injury uninsured motorist coverage for an insured who was injured while driving a motor vehicle not listed on the policy declarations page. Recognizing that insurers may not exclude coverage prescribed by law, the Imgrund Court ultimately concluded that
[a]n "owned but not insured" exclusion to uninsured motorist coverage is valid and enforceable above the mandatory limits of uninsured motorist coverage required by W.Va. Code §§ 17D-4-2 (1979) (Repl.Vol. 1996) and 33-6-31(b) (1988) (Supp. 1991). To the extent that an "owned but not insured" exclusion attempts to preclude recovery of statutorily mandated minimum limits of uninsured motorist coverage, such exclusion is void and ineffective consistent with this Court's prior holding in Syllabus Point 2 of Bell v. State Farm Mutual Automobile Insurance Company , 157 W.Va. 623, 207 S.E.2d 147 (1974).
Imgrund at 188, 483 S.E.2d at 534, syl. pt. 4. In other words, uninsured motorist coverage must be provided up to the statutorily-mandated minimum limit, but the policy may exclude coverage above that amount. See id. Although the holding in syllabus point four of Imgrund was expressly applicable to an "owned but not insured" exclusion, it was premised upon the statutory requirements and Erie has failed to offer a sound legal reason to deviate from the holding with respect to the exclusion at issue herein. Moreover, the exclusion at issue here bears a strong resemblance to an "owned but not insured" exclusion. Erie is seeking to disavow uninsured motorist coverage for a trailer, and the contents of that trailer, which the insured owned but which, according to Erie, were not covered by the policy.[13] Allowing Erie to exclude the mandatory amount of uninsured motorist coverage for Mr. Dolly's trailer and its contents, which were damaged by a liable uninsured motorist, would conflict with the spirit and intent of the uninsured motorist statute. See Deel , 181 W.Va. at 460-61, 383 S.E.2d at 92-93, syl. pt. 3.
In an effort to support the legality of its exclusionary language, Erie relies heavily upon syllabus point eight of Boniey v. Kuchinski , wherein this Court held that "[a] provision in a motor vehicle liability insurance policy excluding an off-road all-terrain vehicle or ATV from uninsured motorist coverage does not violate the intent and purpose of the uninsured motorist statute at W.Va. Code § 33-6-31(b) (1998)." Boniey , 223 W.Va. at 488, 677 S.E.2d at 923. At first blush, this syllabus point would seem to allow *882 Erie's exclusion for the ATV carried on Mr. Dolly's trailer. However, a careful reading of the facts and analysis in Boniey reveals that the wording of the syllabus point is overly broad and that Boniey does not dictate the resolution of the case sub judice.
In Boniey , Ms. Boniey was riding as the passenger on an ATV owned and driven by Mr. Kuchinski. Mr. Kuchinski wrecked the ATV and Ms. Boniey was injured. Mr. Kuchinski's insurance company denied coverage under his liability policy. Ms. Boniey filed a claim against her own uninsured motorist coverage, and her carrier also denied the claim. Id. at 489, 677 S.E.2d at 925. Because the Uninsured Motorist Law requires "an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle ,"[14] this Court was tasked with determining whether the tortfeasor Mr. Kuchinski's ATV qualified as an "uninsured motor vehicle." This Court found that the Motor Vehicle Safety Responsibility Law, West Virginia Code § 17D-4-2, applies the insurance requirements to "motor vehicles"-but an ATV is not legally classified as a "motor vehicle" because it is expressly exempt from vehicle registration requirements by West Virginia Code § 17A-3-2(a)(6) (2004). Boniey , 223 W.Va. at 491-92, 677 S.E.2d at 927-28. We determined that "[w]here no liability insurance coverage is required on a motor vehicle under the financial responsibility law, obviously no uninsured motorist coverage is mandated to provide the equivalent of such coverage." Id. at 492, 677 S.E.2d at 928.
Thus, pursuant to the applicable statutory law, the liable tortfeasor's ATV in Boniey was not an "uninsured motor vehicle" for purposes of uninsured motorist coverage. Id. However, there is no question that Ms. Cole's Ford Explorer sports utility vehicle was an uninsured motor vehicle when it was negligently used to destroy Mr. Dolly's property.[15] It is irrelevant that Mr. Dolly's ruined property happened to include an ATV that was being hauled on his trailer.[16]
Although Boniey does not support Erie's contention, it is obvious that the wording of syllabus point eight has caused unnecessary debate. Accordingly, in order to make the syllabus of Boniey more fully align with the analysis and decision in that case, we hereby modify syllabus point eight to provide that a provision in a motor vehicle liability insurance policy excluding an off-road all-terrain vehicle or ATV from being an uninsured motor vehicle does not violate the intent and purpose of the uninsured motorist statute at W.Va. Code § 33-6-31(b) (1998). This change mirrors key language in the Boniey opinion, including the introductory paragraph where the Court announced its "conclu[sion] that an ATV is not an 'uninsured motor vehicle' within the meaning of W.Va. Code § 33-6-31(b)[.]" 223 W.Va. at 488, 677 S.E.2d at 924. Similarly, the discussion in Boniey regarding the Court's holding provides that "an ATV is not an 'uninsured motor vehicle' for the purposes of W.Va. Code § 33-6-31(b)." 223 W.Va. at 492, 677 S.E.2d at 928.
Erie also relies upon Blake v. State Farm Mutual Automobile Insurance Company , 224 W.Va. 317, 685 S.E.2d 895 (2009), a per curiam opinion involving a utility trailer. However, Blake did not address mandatory uninsured motorist coverage. The facts of that case were that Mr. Blake borrowed a trailer from his neighbor, attached the trailer to his own truck, and was then involved in a single-vehicle accident that resulted in the destruction of the trailer. Id. at 319, 685 S.E.2d at 897. He carried liability insurance, but not collision or comprehensive coverages. Id . Mr. Blake filed suit against his insurance *883 company seeking payment for the trailer under his liability coverage. Id. at 320, 685 S.E.2d at 898. We held that the insurance company was not required to pay for the trailer because West Virginia Code § 17D-4-12(e) (1991) provided that a liability policy need not cover "liability for damage to property ... in charge of or transported by the insured." 224 W.Va. at 321-22, 685 S.E.2d at 899-900. We suggested that if Mr. Blake had wanted coverage for his destruction of a trailer in his possession, he could have purchased collision and comprehensive. Id . at 322, 685 S.E.2d at 900 (noting "the insured only purchased liability coverage and not comprehensive and collision coverage"). Blake provides no support for Erie's arguments.
In this instance, Erie does not dispute that Ms. Cole was an uninsured motorist driving an uninsured motor vehicle. The issue of whether Mr. Dolly was "legally entitled to recover damages" from Ms. Cole is also settled. Ms. Cole's liability for destroying the truck, trailer, and ATV has never been disputed, and Mr. Dolly has a judgment order specifying an amount of damages for his property loss. See Syl. Pt. 3, in part, Jenkins v. City of Elkins , 230 W.Va. 335, 738 S.E.2d 1 (2012) ("The phrase 'legally entitled to recover' contained in the uninsured motorist statute ... is construed to mean that an insured is entitled to uninsured coverage merely by establishing fault on the part of the tortfeasor and the amount of the insured's damages."). As such, West Virginia Code § 33-6-31(b) (1998) requires Erie to compensate its insured Mr. Dolly up to the mandatory minimum uninsured motorist coverage amount for his property damage, including damage to his trailer and ATV.[17] The circuit court's November 10, 2016, declaratory judgment order is hereby affirmed.
B. Denial of Erie's motion to dismiss the bad faith claims
Next, Erie argues that the circuit court erred by denying its motion to dismiss Mr. Dolly's common law and statutory bad faith claims as untimely filed. A one-year statute of limitations applies to bad faith claims,[18] but Erie and Mr. Dolly disagree as to when the limitations period began to run. Notably, the parties' statute of limitations arguments pertain solely to the bad faith claims and not to the coverage issue that was resolved by the circuit court's declaratory judgment order.[19] The bad faith claims are set forth in separate counts in Mr. Dolly's March 2016 Amended Complaint and are still pending before the circuit court. The statute of limitations issue was not discussed in the declaratory judgment order; it was only addressed in the July 11, 2016, order denying Erie's motion to dismiss.
The parties' briefs fail to discuss whether the statute of limitations issue is properly before this Court at this time but, upon examining the record, we are compelled to sua sponte consider this question. "[O]rdinarily, the denial of a motion to dismiss is an interlocutory order and, therefore, is not immediately appealable." Ewing v. Bd. of Educ. , 202 W.Va. 228, 235, 503 S.E.2d 541, 548 (1998) (citations omitted).[20] " 'Where neither *884 party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking.' Syllabus point 2, James M.B. v. Carolyn M. , 193 W.Va. 289, 456 S.E.2d 16 (1995)." Syl. Pt. 1, C & O Motors, Inc. v. West Virginia Paving, Inc. , 223 W.Va. 469, 677 S.E.2d 905 (2009).
The Legislature vested appellate jurisdiction in this Court with West Virginia Code § 58-5-1 (1998), which sets forth, in part, that
[a] party to a civil action may appeal to the Supreme Court of Appeals from a final judgment of any circuit court or from an order of any circuit court constituting a final judgment as to one or more but fewer than all claims or parties upon an express determination by the circuit court that there is no just reason for delay and upon an express direction for the entry of judgment as to such claims or parties.
Under this statute, " '[a] case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' Syllabus point 3, James M.B. v. Carolyn M. , 193 W.Va. 289, 456 S.E.2d 16 (1995)." C & O Motors , 223 W.Va. at 471, 677 S.E.2d at 907, syl. pt. 2, in part. There are exceptions to the rule of finality, however, including " 'interlocutory orders which are made appealable by statute or by the West Virginia Rules of Civil Procedure, or ... [which] fall within a jurisprudential exception' such as the 'collateral order' doctrine." Robinson v. Pack , 223 W.Va. 828, 832, 679 S.E.2d 660, 664 (2009) (quoting James M.B. , 193 W.Va. at 292-93, 456 S.E.2d at 19-20 ).
Separate from its briefs, in a "Notice of Appeal" form filed with this Court, Erie indicated a reliance upon Rule 54(b) of the West Virginia Rules of Civil Procedure.[21] Under Rule 54(b), "an order may be final prior to the end of the entire litigation on its merits if the order resolves the litigation as to a claim or a party." Durm v. Heck's Inc. , 184 W.Va. 562, 566, 401 S.E.2d 908, 912 (1991). Although the circuit court did not enter an order designating the bad faith statute of limitations issue as immediately appealable pursuant to Rule 54(b), that is not critical to our consideration:
The key to determining if an order is final is not whether the language from Rule 54(b) of the West Virginia Rules of Civil Procedure is included in the order, but is whether the order approximates a final order in its nature and effect. We extend application of this rule to a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.
Syl. Pt. 1, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc. , 194 W.Va. 770, 461 S.E.2d 516 (1995). The circuit court's declaratory judgment order was a final order that completely resolved the coverage claim, including damages for that claim, thus Erie's Rule 54(b) appeal of the declaratory judgment order is appropriately before this Court. However, the bad faith claims are a different matter.
Clearly, the circuit court's order denying the motion to dismiss did not approximate a final order in its nature and effect. It did not resolve the bad faith claims. An order "properly may be certified under Rule 54(b) only if it possesses the requisite degree of finality.
*885 That is, the judgment must completely dispose of at least one substantive claim." Hubbard v. State Farm Indem. Co. , 213 W.Va. 542, 550, 584 S.E.2d 176, 184 (2003) (citation omitted). No substantive claims were resolved in the circuit court's order denying the motion to dismiss.
The order denying the motion to dismiss may not even be the final word on the bad faith statute of limitations issue. In the absence of a declaration that an order constitutes a final judgement, an order adjudicating fewer than all of the claims in a case is "subject to revision at any time before the entry of" the final judgment. W.Va. R. Civ. P. 54(b). Additionally, Mr. Dolly suggests there may be a factual question regarding when he received notice of the denial,[22] which, if raised on remand, will need to be addressed. Finally, either party is free to file a motion for summary judgment with the circuit court on the issue of when the limitations period began to run.
The collateral order doctrine also does not defeat the rule of finality in this instance. Under the collateral order doctrine, an interlocutory order may be subject to immediate appeal if it "(1) conclusively determines the disputed controversy, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." Credit Acceptance Corp. v. Front , 231 W.Va. 518, 523, 745 S.E.2d 556, 561 (2013) (citation omitted). None of those factors are present here. The circuit court's order denying the motion to dismiss did not conclusively determine a disputed controversy, did not finally resolve any issues, and may be reviewed pursuant to an appeal from the final judgment. See Ewing , 202 W.Va. at 230, 503 S.E.2d at 543, syl. pt. 4 (establishing de novo standard for appellate review "as part of an appeal from a final judgment" of circuit court's denial of motion to dismiss). Indeed, the order denying the motion to dismiss does not even contain any discussion or analysis of the applicable law. Accordingly, we conclude that Erie's assignment of error regarding the bad faith statute of limitations issue is an interlocutory appeal not properly before this Court at this time. As such, we remand the matter back to the circuit court.
IV. Conclusion
For the reasons set forth herein, the circuit court's declaratory judgment order is affirmed. The case is remanded to the circuit court for further proceedings on the bad faith claims.
Affirmed and remanded.

See W.Va. Code § 33-6-31(b) (1998) and § 17D-4-2 (1979).

See W.Va. Code § 33-11-4 (2002).

The appendix record does not reflect the amount that Erie paid for the truck.

The Erie policy provided:
LIMIT OF PROTECTION
Limitations of Payment
....
Uninsured/Underinsured Motorist Coverage is not provided for any "trailer," whether or not the "trailer" is attached to another "motor vehicle" or "miscellaneous vehicle." No separate limit of protection for Uninsured/Underinsured Motorists Coverage is available for a "trailer," whether attached or unattached to a "motor vehicle" or "miscellaneous vehicle." Uninsured/Underinsured Motorists Coverage does not apply to a "miscellaneous vehicle" owned or leased by "you" or a "relative" unless the "miscellaneous vehicle" is listed on the "Declarations" and a premium is shown for this coverage.
(Emphasis removed.) The policy defined "trailer" as "a vehicle designed to be pulled by a 'private passenger auto,' if not being used for business purposes except with a 'private passenger auto.' " The policy also specified that the term "miscellaneous vehicle" includes an "all terrain vehicle and any similar recreational vehicle."

Erie contends that it sent a November 4, 2013, letter to Mr. Dolly explaining that the policy exclusions meant there was no coverage for the trailer and ATV. However, Mr. Dolly asserts he did not receive this letter until it was subsequently produced in discovery. Erie responds that regardless of when the letter was received, Mr. Dolly has admitted that he knew Erie denied his claim for the ATV and trailer. The circuit court has not addressed this factual dispute.

See W.Va. Code § 33-6-31(d) (1998).

See supra note 4.

In the declaratory judgment order, the circuit court found that Erie had previously accepted coverage for the damages to Mr. Dolly's truck through his policy's collision coverage. Consistent with that finding, the circuit court entered judgment for the entire $10,000 uninsured motorist mandatory minimum amount to compensate Mr. Dolly for the loss of his trailer and ATV. However, Erie represents to this Court that the truck was actually compensated through the policy's uninsured motorist coverage, not the collision coverage.
There is no indication in the record that Erie filed a motion with the circuit court to correct either the finding of fact regarding the collision coverage for the truck or the amount of the judgment entered against Erie for the trailer and ATV. Moreover, Erie's assignments of error do not designate these as issues on appeal. Although Erie moved this Court for permission to supplement the appendix record on appeal with documents purporting to show that it paid Mr. Dolly for his truck through the uninsured motorist coverage, the proffered documents were never presented to the circuit court and this Court denied the motion to supplement. See R. App. Pro. 6(a) ("The record [on appeal] consists of the papers and exhibits filed in the proceedings in the lower tribunal[.]"); R. App. Pro. 6(b) ("Anything not filed with the lower tribunal shall not be included in the record on appeal unless the Court grants a motion for leave to supplement the record on appeal for good cause shown."). Because the truck's coverage and the amount awarded in the declaratory judgment order were not assigned as errors on appeal, we decline to decide these issues. See Tiernan v. Charleston Area Med. Ctr., Inc. , 203 W.Va. 135, 140 n. 10, 506 S.E.2d 578, 583 n. 10 (1998) ("Issues not raised on appeal or merely mentioned in passing are deemed waived." (citation omitted) ).

As discussed more fully in section III-B of this opinion, Erie files this appeal pursuant to Rule 54(b) of the Rules of Civil Procedure. See Syl. Pt. 1, in part, State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc. , 194 W.Va. 770, 461 S.E.2d 516 (1995) (explaining that interlocutory order may be appealed pursuant to Rule 54(b) if it "approximates a final order in its nature and effect.").

Based upon the date of the accident and the effective dates of Mr. Dolly's policy, the 1998 version of West Virginia Code § 33-6-31(b) applies to this case. Although the statute was amended in 2015, including by changing the word "shall" to "may" in subsection (b), those amendments are not at issue in this appeal.

West Virginia Code § 33-6-31(b) further allows for the optional purchase of additional uninsured motorist coverage up to the same amount as the insured's liability limits, as well as for the purchase of optional underinsured motorist coverage.

W.Va. Code § 17D-4-2 (1979).

Notably, West Virginia Code § 17D-4-2 requires proof of financial responsibility for trailers and, pursuant to West Virginia Code § 17A-3-2 (2010), a trailer is subject to West Virginia's vehicle registration and certificate of title requirements. See discussion of Boniey v. Kuchinski , 223 W.Va. 486, 677 S.E.2d 922 (2009), infra .

W.Va. Code § 33-6-31(b), in part (emphasis added).

An " 'uninsured motor vehicle' shall mean a motor vehicle as to which there is no: ... Bodily injury liability insurance and property damage liability insurance both in the amounts specified by section two, article four, chapter seventeen-d of this code[.]" W.Va. Code § 33-6-31(c) (1998). Erie admits that Ms. Cole was an uninsured motorist by arguing that it paid for Mr. Dolly's truck pursuant to his uninsured motorist coverage.

The circuit court recognized this important distinction in the declaratory judgment order when finding that an "all-terrain vehicle is subject to a proper exclusion in the event that it [is] operated as a vehicle on the public highway, but in this instance, it [is] personal property, not utilized as a miscellaneous vehicle or recreational vehicle."

Although Erie's policy exclusions, as quoted in footnote four supra , were written to apply to both uninsured and underinsured motorist coverages, our holding today is limited to the amount of uninsured motorist coverage mandated by the Legislature. Uninsured coverage in excess of that amount, as well as underinsurance coverage, are optional and therefore may be excluded by unambiguous policy language.

This Court has held that common law and statutory bad faith claims sound in tort but do not involve property damage, personal injury, fraud, or deceit, thus the one-year limitations period specified in West Virginia Code § 55-2-12(c) (1923) applies. See Syl. Pt. 4, Noland v. Virginia Ins. Reciprocal , 224 W.Va. 372, 686 S.E.2d 23 (2009) (common law bad faith claims); Syl. Pt. 1, Wilt v. State Auto. Mut. Ins. Co. , 203 W.Va. 165, 506 S.E.2d 608 (1998) (UTPA claims).

Indeed, there is no issue of timeliness regarding the declaratory judgment coverage issue. A direct suit against one's own insurance company for the recovery of uninsured motorist benefits is governed by the statute of limitations applicable to contracts. Syl. Pt. 2, Plumley v. May , 189 W.Va. 734, 434 S.E.2d 406 (1993) ; W.Va. Code § 55-2-6 (1923).

Accord W.Va. Bd. of Educ. v. Marple , 236 W.Va. 654, 660, 783 S.E.2d 75, 81 (2015) (recognizing that order denying motion to dismiss for failure to state claim is ordinarily a non-appealable, interlocutory order); Kessel v. Leavitt , 204 W.Va. 95, 119, 511 S.E.2d 720, 744 (1998) (same); State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc. , 194 W.Va. 770, 775, 461 S.E.2d 516, 521 (1995) (stating "[o]ur jurisdiction normally does not encompass appeals from the denial or granting of a motion to dismiss where there are remaining issues to be litigated").

Rule 54(b) provides:
(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

See supra note 5.