[No. 7084–7–II.   Division Two.   December 24, 1985.]

SUMIHO WADA, ET AL, *Appellants,* v. NATIONWIDE
MUTUAL INSURANCE COMPANY, *Respondent.*

*Bradford E. Furlong* and *Rush, Kleinwachter, Hannula & Harkins,* for appellants.

*Ingrid W. Hansen* and *Betts, Patterson & Mines,* for respondent.

PETRICH, J.—Sumiho and Richard Wada appeal from a summary judgment granted to the defendant, Nationwide Mutual Insurance Company, which rejected coverage under

an automobile liability insurance policy issued by Nationwide. The policy contained an exclusion for property damaged while in the custody of the insured. The Wadas claim that the exclusion is ambiguous and must be interpreted in their favor, or that the exclusion is void because it is contrary to public policy. We affirm the summary judgment.

Richard Wada was involved in an accident in Vermont while driving a car owned by Stephen Phelps. Richard is the son of Sumiho Wada, the policyholder, and is an insured under the policy. Sumiho Wada had acquired automobile insurance from Nationwide that included coverage for property damage liability and bodily injury liability. He did not obtain collision coverage, although it was available. After the accident, Phelps filed a claim with Nationwide to cover the $3,000 damage to his car. Nationwide denied the claim because of the lack of collision coverage and because of an exclusion in the liability coverage. Wada filed an action seeking: (1) a declaratory judgment that the policy covered the damage to Phelps' car; (2) special and general damages; (3) treble damages under the Consumer Protection Act; and (4) costs and fees. On cross motions for summary judgment, Nationwide was granted summary judgment.

The introductory paragraph defining the coverage for auto liability under the policy states:

> Under this coverage, if *you* become legally obligated to pay damages resulting from the ownership, maintenance, use, loading or unloading of *your auto, we* will pay for such damages. Anyone living in *your* household has this protection. . . . Damages must involve:
> 1. *property damage,* meaning destruction of property or damage or injury to it, including loss of its use . . .

The basic coverage provisions are followed by "Coverage Extensions" that include:

> Use of Other Motor Vehicles. *Your auto's* Property Damage and Bodily Injury Liability insurance also applies to certain other *motor vehicles*: . . .
> 3. It applies to a *motor vehicle* that belongs to someone who is not a member of *your* household. This pro-

tection applies only when the vehicle is being used by *you* or relatives living in *your* household.

A list of coverage exclusions follows the list of coverage extensions, including exclusion 4 used by Nationwide to reject Phelps' claim:

This auto *property damage* and *bodily injury* liability insurance does not apply as follows: . . .

4. It does not cover damage to any property *you* own or have in *your* custody, except a rented residence or rented private garage. This same exclusion applies to *any insured.*

Wada first contends that exclusion 4 (the "custody exclusion") is ambiguous because the policy extends coverage to borrowed vehicles under extension 3 and then takes the coverage away under the custody exclusion. He claims that the "average man" would understand that the policy would cover damage to borrowed vehicles, and would believe that the custody exclusion was limited to real property because of the modifying clause "except a rented residence or rented private garage."

Ambiguities in insurance polices are to be construed against the insurer and in favor of the insured. *Federated Am. Ins. Co. v. Strong,* 102 Wn.2d 665, 674, 689 P.2d 68 (1984); *Witherspoon v. St. Paul Fire & Marine Ins. Co.,* 86 Wn.2d 641, 650, 548 P.2d 302 (1976). This rule is applied with added force in the case of policy exclusions and limitations. *McDonald Indus., Inc. v. Rollins Leasing Corp.,* 95 Wn.2d 909, 913, 631 P.2d 947 (1981); *Witherspoon,* 86 Wn.2d at 650. Coverage is ambiguous "'when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable'." *McDonald Indus.,* 95 Wn.2d at 912, quoting *Morgan v. Prudential Ins. Co. of Am.,* 86 Wn.2d 432, 435, 545 P.2d 1193 (1976). If there is an ambiguity, then the exclusion should be interpreted as it would be understood by the ordinary man buying insurance. *McDonald Indus.,* 95 Wn.2d at 913.

Exclusions for property damaged while "in the care, custody or control" of the insured have been held unambigu-

ous. *Madden v. Vitamilk Dairy, Inc.,* 59 Wn.2d 237, 239, 367 P.2d 127 (1961) (excluding coverage under a commercial general liability policy); *New Hampshire Ins. Co. v. Abellera,* 6 Wn. App. 650, 652, 495 P.2d 668 (1972) (excluding coverage under a homeowner's policy). Most other states have found custody exclusions unambiguous where they include phrases such as "in charge of," "care," "custody," or "control." *See* Annot., *Scope of Provision of Automobile Liability Insurance Policy Excluding Liability for Damage to Property in Charge of Insured, or Variation of Such Provision,* 10 A.L.R.3d 515 (1966). Insurance treatises also approve of the exclusion and interpret it in the same manner as Nationwide did. "The exclusion applies to a non–owned vehicle being used by the insured to the effect that when such a vehicle is damaged, no property damage liability will be available which might produce a form of collision coverage when such coverage was not purchased." 12A G. Couch, *Insurance* § 45:968, at 630 (2d ed. 1981). "A clause in a policy excluding from coverage injury to or destruction of property in the care, custody or control of the insured is enforceable." 6B J. Appleman, *Insurance* § 4328, at 483 (1979).

Wada contends that *Madden* and *Abellera* are inapplicable because they interpret a different phrase ("in the care, custody or control") than was present in his policy. The difference in language is insignificant. The contention that the exclusion only refers to real property is beyond that of "reasonable interpretation" of the policy and is unsupported by authority. The exclusion is unambiguous.

Wada's second claim is that the custody exclusion should be declared void as against public policy, extending the rule of *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 95 Wn.2d 373, 622 P.2d 1234 (1980), *adhered to on rehearing,* 97 Wn.2d 203, 643 P.2d 441 (1982). *Wiscomb* invalidated an exclusion that denied coverage to any member of the insured's household injured as a result of the insured's negligence. The Supreme Court held that the exclusion was void because it was in conflict with the public policy of

providing "monetary protection to those people who suffer serious injury through the negligent use of highways by others". 95 Wn.2d at 379. On rehearing, the Supreme Court held that the family or household exclusion "strikes at the heart" of the public policy of monetary protection as defined in the financial responsibility act,[1] RCW 46.29. 97 Wn.2d at 208. The court distinguished the family exclusion from previously approved exclusions for two reasons. First, "because it focuses not on the risk associated with who is driving the vehicle, but on which parties are injured." 97 Wn.2d at 209. Second, the exclusion impaired the insured's freedom to contract because there were no policies available that did not contain the family exclusion. 97 Wn.2d at 211–12.

Wada argues that the same reasoning should be applied to invalidate the custody exclusion. Although *Wiscomb* was limited to compensation for bodily injury, he seeks an extension for property damage because the financial responsibility act includes accidents resulting in greater than $300 damage. He contends that focusing on what property is damaged is the same as focusing on what parties are injured. Further, he claims that *Wiscomb* prohibits exclusion clauses that deny coverage to persons who are not parties to the insurance contract, such as Phelps. 97 Wn.2d at 213.

The Supreme Court has refused to extend *Wiscomb* to a number of other exclusions. *Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 1, 7, 665 P.2d 891 (1983) (exclusion of the insured vehicle from underinsured vehicle coverage under the same policy); *Progressive Cas. Ins. Co. v. Jester,* 102 Wn.2d 78, 80–82, 683 P.2d 180 (1984) (exclusion of liability coverage for passengers on the insured's motorcycle when the insured specifically rejected the coverage); *State Farm*

---

[1]The act requires anyone involved in a vehicle accident that results in personal injury or greater than $300 property damage to demonstrate financial responsibility for the future by showing proof of insurance or by posting a bond or securities to cover any damages. RCW 46.29.450.

*Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 481–83, 687 P.2d 1139 (1984) (family exclusion clause in a homeowner's policy). All of these cases distinguished *Wiscomb* because of the differences in bargaining power. In *Wiscomb,* the court held that there was no freedom to contract because there were no policies available that did not contain the family exclusion. In the subsequent decisions, either the insured specifically bargained over the exclusions (*Jester*) or there was no showing that policies without the exclusion were not available (*Briggs* and *Emerson*). Here, Wada had the opportunity to purchase collision coverage that would have covered the damage to the Phelps vehicle. There was no impairment of the freedom to contract.

*Wiscomb* also invalidated the exclusion because it focused on which parties were injured, not on the risks of who was driving. Wada chose not to obtain collision coverage, and Nationwide structured its liability policy so that it would not cover a "collision" risk. The coverage was the same, regardless of what vehicle was being driven. The focus of the exclusion was on the risks, not the injured parties. Neither of the rationales for invalidating the family exclusion in *Wiscomb* is present here. The exclusion is not void. The summary judgment was proper.[2]

Affirmed.

REED, A.C.J., and ALEXANDER, J., concur.

---

[2]Because we find the custody exclusion to be neither ambiguous nor void, we need not consider Wada's claim under the Consumer Protection Act, RCW 19.86.