777 P.2d 1214

Dale McMINN, Plaintiff-Respondent,

v.

James Mark PETERSON, Defendant-Third Party Plaintiff-Appellant,

and

State Farm, Third Party Defendant-Respondent.

No. 17497.

Court of Appeals of Idaho.

June 19, 1989.

542

Jeff Stoker, Twin Falls, for third-party plaintiff-appellant, Peterson.

David Thompson, Dan Adamson & Associates, Jerome, for plaintiff-respondent, McMinn.

John A. Doerr, Doerr & Trainor, Twin Falls, for third-party defendant-respondent, State Farm.

WALTERS, Chief Judge.

This is an automobile liability insurance case. It is before us on certification for appeal (I.R.C.P. 54(b)) from an interlocutory order entered by the trial court dismissing a third-party complaint against the insurer, State Farm. The dispute presents two principal issues: first, whether the first-party coverage exception to an automobile owner's liability policy relieved the insurer of its duty to provide coverage to the insured; and second, whether the insurer was required to defend the insured under the policy. We hold that the first-party coverage exclusion is unambiguous and enforceable and that the insurer had no duty to defend. We affirm the order dismissing the third-party action.

The following facts of this case are not in dispute. James Peterson borrowed a pickup truck from Allen Moss and attached to it a trailer borrowed from Dale McMinn. While Peterson was pulling the trailer with the borrowed pickup, the trailer fishtailed, broke loose and was destroyed.[1] At the time of the accident, Moss was the named insured of a motor vehicle insurance policy on the pickup issued by State Farm. The policy included liability coverage for property damage and bodily injury. However, Moss did not carry collision coverage to compensate for first-party damages. According to the terms of the policy, and stipulated to by the parties, Peterson became an "insured" under the policy by virtue of the fact that he was operating the pickup with the permission of the named insured (Moss). The parties have also stipulated that Peterson qualifies as bailee of the trailer.

After the accident, McMinn sued Peterson for $7,500, the alleged damage to the trailer. Peterson then filed a claim with State Farm to cover the damage to the trailer and to advise State Farm of its duty to defend. State Farm denied the claim and refused to defend Peterson, based on an exclusion in the policy's liability coverage as to first-party damages. Subsequently, Peterson obtained counsel at his own expense and moved for summary judgment against State Farm, contending State Farm was required to provide coverage and a defense to McMinn's claim for damages arising from the accident. Finding neither coverage nor a duty to defend, the trial court—a magistrate—denied the motion and dismissed the complaint against State Farm. Peterson obtained certification under I.R.C.P. 54(b) regarding the issues determined in the order and appealed to the district court. When the district court affirmed the dismissal, Peterson further appealed to this Court.

Because there are no facts in dispute, we exercise free review to determine whether the trial court was correct, as a matter of law, in dismissing the third-party complaint. In Part I, we address the coverage provided under the insurance policy in question. In Part II, we determine the duty to defend issue. Finally, in Part III, we consider an award of attorney fees for this appeal.

---

1. No claim is made in this case for damage to property or to persons other than to the trailer itself. Neither has any claim been made for any collision or comprehensive coverage of damage to the trailer. The case has been briefed and argued only on the question of liability coverage.

## I

■ As noted, the parties to this proceeding have recognized that Peterson was an "insured" under the State Farm policy because Peterson had permission from Moss to use the latter's pickup. The language defining coverage for automobile liability under the State Farm policy states that trailers designed to be pulled by a private car or utility vehicle are covered, subject to a few exceptions. The policy contained the following provision:

We will:

  1. pay damages which an insured becomes legally liable to pay because of:

  a. bodily injury to others, and

  b. damage to or destruction of property including loss of its use.

Under this provision, it would appear that damage to the trailer was covered by the policy. However, the basic coverage provisions are followed by exclusions. One of these exclusions—the first-party coverage exclusion—states:

THERE IS NO COVERAGE:

  3. For any damages:

  b. to property owned by, rented to, in charge of or transported by an insured.

Under this exclusion, the trailer in question would not be covered because the insured, Peterson, was "in charge of" the trailer. *See State Farm Mutual Automobile Insurance Co. v. Dorough*, 277 Ala. 662, 174 So.2d 303 (1965); I.C. § 49–1521.[2] Therefore, looking at the policy alone, there would appear to be no coverage.

■ Despite the unambiguous wording of the policy, taken verbatim from the exclusion stated in I.C. § 49–1521,[3] Peterson contends that I.C. § 49–233 invalidates the policy exclusion. Peterson argues that I.C. § 49–233 requires an owner of a motor vehicle to insure not only against damage to *other* vehicles and persons, but to his *own* vehicle as well. The pertinent portion of I.C. § 49–233 provides:

**49–233 Required motor vehicle insurance.**—(a) Every owner of a motor vehicle which is registered and operated in Idaho by the owner or with his permission shall continuously provide insurance against loss resulting from liability imposed by law for bodily injury or death or damage to property *suffered by any person.* . . . (Emphasis added.)

Peterson asserts that the trailer owner, McMinn, qualifies as "any person" under this statute. We find Peterson's interpretation of the statute unpersuasive. In *Dullenty v. Rocky Mountain Fire and Casualty Co.*, 111 Idaho 98, 104, 721 P.2d 198, 204 (1986), our Supreme Court described the insurance requirement of I.C. § 49–233:

[S]uch liability insurance is couched in terms of protecting the owner-operator of a vehicle from claims of damage *suffered by others* who have been injured by the operation of the vehicle . . . (Emphasis added.)

Under this description, other persons—not the owner-operator of the vehicle—are afforded protection from injurious use of the vehicle. When read in conjunction with

---

2. While this appeal was pending, I.C. § 49–1521 was amended and redesignated as § 49–1212. *See* 1988 Idaho Sess. Laws, ch. 265, § 302, p. 730–32. Our reference to the statute, in this case, is as the statute existed prior to the 1988 modification.

3. At the time of the loss in this case, I.C. § 49–1521 provided as follows:

"**Motor Vehicle Liability Policy" Defined/Expressed, Permitted and Implied Provisions**—(a) A "motor vehicle liability policy" as said term is used in this act shall mean an owner's or an operator's policy of liability insurance, certified as provided in Section 49–1519 or 49–1520, Idaho Code, as proof of financial responsibility, and issued, except as otherwise provided in Section 49–

1520, Idaho Code, by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.

. . . .

(e) *Such motor vehicle liability policy shall not insure* any liability under any workman's compensation laws provided in Title 72, Idaho Code, nor any liability on account of bodily to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, while engaged in the operation, maintenance or repair of any such motor vehicle nor *any liability for damage to property owned by, rented to, in charge of or transported by the insured.* [Emphasis supplied.]

I.C. § 49–1521, the statute does not require coverage of damage caused to property "owned by, rented to, in charge of or transported by" the insured.

We find no requirement in the law that one must insure his own person or property against loss. I.C. § 49–1521. Such personal protection certainly would be available through collision insurance. The rationale behind this is clear. First-party insurance involves the weighing of risks against possible damage to one's own person or property. If a person wishes to insure his property, he may do so to receive the insurance proceeds upon damage to his property. However, if he elects not to insure his property he must assume the loss upon damage to his own property. The law allows a person to take insurance risks with his own person or property. However, the law does not permit a person to take risks with other persons or their property. I.C. § 49–233. In this case, Peterson, as a bailee, had a limited property interest in the trailer, and could have obtained insurance to protect his interest. 8 AM.JUR.2D BAILMENTS §§ 83, 137 (1980). Peterson elected not to insure the trailer, therefore, he should bear the loss for taking that risk.

■ Finally, Peterson argues that, under *Farmers Insurance Group v. Reed,* 109 Idaho 849, 712 P.2d 550 (1985), the exclusion is against public policy. Our Supreme Court determined in *Reed* that a "household exclusion" provision did not shield an insurance company from liability under the policy, based on the requirements of I.C. § 49–233. Peterson maintains the same principle should apply here, claiming the exclusion of damage to a trailer in the charge of an insured violates the compulsory insurance requirement of I.C. § 49–233. We disagree. Unlike the household exclusion at issue in *Reed,* the first-party coverage at issue here falls within a statutorily authorized exception to the general requirement of liability coverage. The "in charge of," or first-party coverage exclusion of automobile liability insurance, does not contravene any public policy of protecting innocent victims of negligent and financially irresponsible motorists so as to render such exclusion invalid. Moreover, *Reed* invalidated the household exclusion because there was no other way to provide coverage to injured *people.* Here, we have only *property* damage.

The Washington Appellate Court has refused to apply the household exclusion approach to a property damage case. *See Wada v. Nationwide Mutual Insurance Co.,* 42 Wash.App. 433, 711 P.2d 384 (1985). The court there pointed out that there was no "bargaining power," because there were no policies available that did not contain the family exclusion. *Id.* In this case, Peterson had the opportunity to purchase separate coverage that would have provided protection from the damage to McMinn's trailer. McMinn also had the opportunity to determine whether Peterson had sufficient coverage to protect his trailer. Both parties took risks with insurance. We believe State Farm should not have to pay the consequences for the risks voluntarily assumed by Peterson and McMinn in failing to obtain first-party coverage.

Neither rationale for invalidating the first-party coverage exclusion is persuasive in these circumstances. The plain meaning of the exclusionary clause is unambiguous and we find no conflict with Idaho statutes. The exclusionary provision is therefore enforceable.

## II

■ We turn next to the question of State Farm's duty to defend the action instituted by McMinn against Peterson. Peterson contends that, even if the policy provides no coverage for the damaged trailer, State Farm still has a duty to defend. We addressed a similar question in *Black v. Fireman's Fund American Insurance Co.,* 115 Idaho 449, 767 P.2d 824 (Ct.App. 1989). There we stated that

[A]n insurer has a duty to defend its insured where the facts alleged in the complaint, if true, would bring the case within the insurance policy's coverage. [Citations omitted.] The basis for this rule is simple. To allow the insurer to avoid providing defense on questionable claims would frustrate one of the in-

sured's basic purposes in procuring insurance coverage—protection from the expenses of litigation. [Citations omitted.] This duty is separate, unrelated, and much broader than the insurer's duty to pay damages. [Citation omitted.] However, the insurer's duty to defend is not absolute. This Court has recognized that an injured third-party's claims against an insured must provide some *link* to the insurance agreement. (Emphasis added.)

115 Idaho at 455, 767 P.2d at 824. That "link" is apparent when "upon the filing of a complaint whose allegations, in whole in part, read broadly, reveal a *potential* for liability that would be covered by the insured's policy." [Emphasis original.] *County of Kootenai v. Western Casualty and Surety Co.*, 113 Idaho 908, 910, 750 P.2d 87, 89 (1988). In this case, Peterson was "in charge of" the trailer. The policy clearly states that property "in charge of" the insured is not covered. Looking at the plain language of the policy, we see no potential for liability for damage to property "in charge of" the insured. The mere fact that suit is brought against an insured does not mean there is a reasonable potential for liability under the insurance policy. Because there is no link between McMinn's claim against Peterson and Peterson's coverage under the insurance policy as a result of the express exclusion in the policy, no duty on the part of State Farm to defend McMinn's claim could arise.

### III

Finally, both Peterson and State Farm have requested an award of attorney fees for this appeal. Since Peterson has not prevailed, he is not entitled to such an award. With respect to the claim by State Farm, we are not persuaded that the appeal was brought or pursued by Peterson frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). We therefore decline to make an award of fees to State Farm.

The order dismissing Peterson's third-party claim against State Farm is affirmed. Costs on appeal to the respondent, State Farm.

BURNETT and SWANSTROM, JJ., concur.