685 S.E.2d 895

**Richard BLAKE, Jr. and John T. Parker, Plaintiffs Below, Appellees**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant Below, Appellant.**

No. 34725.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 7, 2009.

Decided Nov. 2, 2009.

Michael M. Stevens, Esq., E. Kay Fuller, Esq., Martin & Seibert, LC, Charleston, WV, for the Appellant, State Farm Mutual Automobile Insurance Company.

Scott S. Blass, Esq., Bordas & Bordas, PLLC, Wheeling, WV, for the Appellees.

PER CURIAM:

This case is before the Court upon the June 30, 2008, Order of the Circuit Court of Marshall County, West Virginia, wherein the circuit court granted Partial Summary Judgment to the Appellees, Richard Blake, Jr., and John T. Parker and determined that the Appellant, State Farm Mutual Automobile Insurance Company (hereinafter sometimes referred to as "State Farm"), was required to defend and indemnify Mr. Blake against property damage claims arising out of the loss of a trailer that were made by Mr. Parker. The Appellant asserts that the circuit court erred: 1) in refusing to apply the plain language of West Virginia Code § 17D–4–12(e) (2009), which specifies an insurer is not required to extend liability coverage to property "transported by" or "in charge of" the insured; 2) in finding State Farm's policy language, which likewise limits the extension of property damage liability coverage in accordance with the provisions of West Virginia Code § 17D–4–12(e), was ambiguous and internally inconsistent with other policy provi-

sions; 3) in finding the insured had a reasonable expectation of property damage liability coverage for the loss of the trailer; and, 4) in finding State Farm had a duty to defend the suit brought by Mr. Parker. In opposition, the Appellees argue that the circuit court correctly determined that State Farm's exclusionary policy language was ambiguous. Moreover, the Appellees maintain that assuming, arguendo, the State Farm exclusionary language is clear and unambiguous, the exclusionary language is void and unenforceable below the mandatory limits of property damage coverage required by West Virginia Code § 17D–4–12. Based upon the Court's review of the briefs and arguments of the parties, the record, and all other matters before the Court, the Court finds that the circuit court's determination regarding the subject language in the State Farm policy is erroneous. Accordingly, the Court reverses the decision of the circuit court and remands the case for entry of an order consistent with this opinion.

**I. Procedural and Factual History**

On March 31, 2005, the Appellee, Richard Blake, Jr., borrowed a 1999 Hudson trailer from his neighbor, the Appellee, John T. Parker. Mr. Blake attached the trailer to his vehicle, which was a 1997 Dodge Ram pickup truck. Mr. Blake was involved in a single vehicle accident while driving his truck, which also was towing Mr. Parker's trailer. Both the truck and trailer were total losses.

At the time of the accident, Mr. Blake was insured by a State Farm policy of insurance, which provided property damage liability coverage in the amount of $25,000 per accident. It is undisputed that the policy did not provide comprehensive or collision coverage because Mr. Blake had declined to purchase these coverages.

The policy issued to Mr. Blake was on Form 9848.3 and was approved by the Office of the West Virginia Insurance Commissioner on July 1, 2001. The policy provided under Section 1—Liability–Coverage A that State Farm will:

1. pay damages which an *insured* becomes legally liable to pay because of:

 a. *bodily injury* to others, and

b. damage to or destruction of property including loss of its use, caused by *accident* resulting from the ownership, maintenance or use of *your car;* and

2. defend any suit against an *insured* for such damages with attorneys hired and paid by us. We will not defend any suit after we have paid the applicable limit of our liability for the *accident* which is the basis of the lawsuit.

The policy also provides property damage liability coverage for trailers as follows:

**Trailer Coverage**

The liability coverage extends to the ownership, maintenance or use, by an *insured,* of:

1. trailers designed to be pulled by a *private passenger car* or a *utility vehicle.*...

The policy, however, contained the following provision under the caption "When Coverage A Does Not Apply," which precludes the extension of liability coverage for damage to property as follows:

In addition to the limitations of coverage in **Who Is an Insured** and **Trailer Coverage:**

THERE IS NO COVERAGE:

. . .

4. FOR ANY DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN THE CHARGE OF OR TRANSPORTED BY AN *INSURED* ....

Following the accident, Mr. Blake submitted a claim with State Farm [1] seeking coverage for the loss to Mr. Parker's trailer. Mr. Blake did not submit a claim for the damage to his vehicle. By letter dated April 11, 2005, State Farm denied coverage for Mr. Blake's claim for the damages to Mr. Parker's trailer.

On April 27, 2005, Mr. Parker filed suit against Mr. Blake in the Magistrate Court of Marshall County, West Virginia, seeking property damages for the value of his trailer. The lawsuit ultimately was dismissed when Mr. Blake confessed judgment on May 23, 2005, in the amount of $3,000, plus costs and interests.[2] Mr. Blake forwarded the confessed judgment to his State Farm agent and again requested that State Farm pay the judgment. State Farm did not alter its position that there was no coverage for Mr. Blake's claim.

On March 16, 2006, Mr. Blake and Mr. Parker jointly filed the instant lawsuit against State Farm and Mr. Blake's State Farm agent, Rosalyn Rhodes, alleging entitlement to property damage liability coverage for the loss of the trailer. Additionally, the Appellees asserted both first-party and third-party bad faith [3] claims against State Farm. The Appellees subsequently filed a Motion for Partial Summary Judgment on the issue of whether State Farm had an obligation to provide coverage for the damage caused by Mr. Blake to Mr. Parker's trailer as a result of the March 31, 2005, accident. The circuit court granted the Appellees' motion. It is this ruling that forms the basis for the instant appeal.

**II. Standard of Review**

▇▇▇ State Farm argues that the circuit court erred in granting the Appellees' Motion for Partial Summary Judgment. The Court's standard of review of the circuit court's entry of summary judgment is de novo. Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Further, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of*

---

1. The claim was made by Mr. Blake through his agent, Rosalyn E. Rhodes.

2. According to the Appellees' Complaint, Mr. Blake assigned to Mr. Parker
 any and all claims for damages possessed by Mr. Blake against his insurer, State Farm, and his agent, Rosalyn Rhodes, for damages caused by their violation of the provisions of the West

Virginia Unfair Claims Settlement Practices Act and the regulations promulgated by the Office of the West Virginia Insurance Commissioner pursuant to said Act.

3. The Circuit Court of Marshall County, West Virginia, dismissed the third-party bad faith claim by Order entered on April 23, 2007.

*New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963).

The instant appeal requires the Court to review the relevant terms of the State Farm insurance policy that is the subject of this litigation. Generally, "[d]etermination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law." Syl. Pt. 1, *Tennant v. Smallwood,* 211 W.Va. 703, 568 S.E.2d 10 (2002). "[T]he interpretation of an insurance contract, including the question of whether the contract is ambiguous, is a legal determination which, like the court's summary judgment, is reviewed de novo on appeal." *Dairyland Ins. Co. v. Fox,* 209 W.Va. 598, 601, 550 S.E.2d 388, 391 (2001)(*quoting Payne v. Weston,* 195 W.Va. 502, 506–07, 466 S.E.2d 161, 165–66 (1995)). Keeping these standards in mind, the Court now examines the issues raised by the Appellant.

### III. Discussion of Law

### A.

The first issue is whether the policy language in the relevant State Farm policy comports with the provisions of West Virginia Code § 17D–4–12(e). The Appellant argues that the policy language it relied upon to deny coverage for the subject trailer was consistent with the provisions of West Virginia Code § 17D–4–12(e), while the Appellees assert that the policy language is ambiguous. Because these are two separate issues, we first address whether the relevant policy language complies with the provisions of West Virginia Code § 17D–4–12(e).

In defining and establishing the scope and provisions of the motor vehicle liability policy in the provisions West Virginia Code § 17D–4–12(e), the following salient statutory language is found:

(e) Such motor vehicle liability policy need not insure any liability under any

workers' compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of any such vehicle **nor any liability for damage to property owned by, rented to, in charge of or transported by the insured.**

*Id.* (Emphasis added). Juxtaposed with this statutory provision is the State Farm policy language at issue, which provides that there is no coverage "FOR ANY DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN THE CHARGE OF OR TRANSPORTED BY AN *INSURED....*"

In reviewing the statutory language as opposed to the State Farm policy language, it is undeniable that the State Farm policy language tracks the provisions of West Virginia Code § 17D–4–12(e) almost verbatim. Despite this fact, however, the circuit court found that "[t]he exclusionary language relied upon by State Farm is unenforceable because it is contrary to and more restrictive than the property damage liability coverage required by the State of West Virginia in the State's Financial Responsibility Statute." The circuit court's finding is contrary to the plain and unambiguous language of West Virginia Code § 17D–4–12(e).

Moreover, the Appellees maintain that the exclusionary language is void and unenforceable below the mandatory limits of property damage coverage required by West Virginia Code § 17D–4–12.[4] State Farm argues that to treat the very exception to the applicability of coverage set forth in West Virginia Code § 17D–4–12(e) as mere exclusionary language, which in some situations may necessitate the mandate of minimum levels of liability coverage,[5] would be contrary to the plain language of West Virginia Code § 17D–

---

4. West Virginia Code § 17D–4–12(b)(2) requires a minimum of $20,000 per person, $40,000 per accident in bodily injury liability coverage, and $10,000 per accident in property damage liability coverage. *Id.*

5. *See, e.g., Imgrund v. Yarborough,* 199 W.Va. 187, 483 S.E.2d 533 (1997)(upholding "owned but not insured" exclusion to uninsured coverage

above mandatory limits of uninsured motorist coverage required by statute); *Ward v. Baker,* 188 W.Va. 569, 425 S.E.2d 245 (1992)(upholding named driver exclusionary insurance policy language, but requiring insurer to provide minimum mandatory limits set forth in West Virginia Code § 17D–4–12).

4–12(e) and the manifest intent of the Legislature. The Court agrees.

■ It is important that one of the purposes of the Motor Vehicle Safety Responsibility Law, West Virginia Code §§ 17D–1–1 to –6–7 (2009), is " 'to provide a minimum level of financial security to third-parties who might suffer bodily injury or property damage from negligent drivers.' " *Dairyland Ins. Co. v. East,* 188 W.Va. 581, 585, 425 S.E.2d 257, 261 (1992)(*quoting Jones v. Motorists Mut. Ins. Co.,* 177 W.Va. 763, 766, 356 S.E.2d 634, 637 (1987)). As the Court of Appeals of Idaho concluded in *McMinn v. Peterson,* 116 Idaho 541, 777 P.2d 1214 (Id.Ct.App.1989), in analyzing language in the Idaho Code similar to that found here, "[t]he 'in charge of,' . . . exclusion of automobile liability insurance, does not contravene any public policy of protecting innocent victims of negligent and financially irresponsible motorists so as to render such exclusion invalid." *Id.* at 1217. Unquestionably, liability coverage would have been applicable in this case had the trailer that was attached to Mr. Blake's vehicle caused personal injury or property damage to another while affixed to Mr. Blake's vehicle. This event, however, did not occur. The loss that occurred in this case was not only outside the coverage provided by the State Farm policy, as the insured only purchased liability coverage and not comprehensive or collision coverage, but it is also outside the coverage that is mandated by the provisions of West Virginia Code § 17D–4–12(e).

**B.**

■ The next issue the Court must address is whether the State Farm policy language is ambiguous. The circuit court found:

The exclusionary clause relied on by State Farm is ambiguous on two separate levels. First, the policy language in and of itself is ambiguous in that the phrase "in the charge of" is not defined and consequently there is no way to determine the scope of coverage available in numerous different circumstances, most notably in the case at hand. Second, ambiguity arises in the context of the application and interaction between the general property

damage liability coverage contained within Mr. Blake's policy, the trailer coverage contained within that policy, and the exclusionary language upon which State Farm now relies.

The Appellant maintains that the State Farm policy contains a clear and unambiguous limitation of coverage for property "in the charge of" or "transported by" the insured. Further, simply because these phrases are undefined does not create an ambiguity in the policy language, but merely requires a court to apply the plain, ordinary meaning to these phrases. Under a plain reading of the language, there is no ambiguity. The Appellees, however, assert that because the State Farm policy terms "in charge of" and "transported by" are not defined in the relevant policy, the language is ambiguous. The Appellees also assert that State Farm's interpretation of the exclusionary language at issue would negate any scenario in which property damage liability coverage for damage to a trailer used by an insured would be available and this, therefore, creates an ambiguity.

■ The Court has never required every term in an insurance policy, nor any contract for that matter, to be defined or else be found ambiguous. Rather, as the Court stated in *Payne v. Weston,* 195 W.Va. 502, 466 S.E.2d 161 (1995):

In West Virginia, insurance policies are controlled by the rules of construction that are applicable to contracts generally. We recognize the well-settled principle of law that this Court will apply, and not interpret, the plain and ordinary meaning of an insurance contract in the absence of ambiguity or some other compelling reason. Our primary concern is to give effect to the plain meaning of the policy and, in doing so, we construe all parts of the document together. We will not rewrite the terms of the policy; instead, we enforce it as written. Syllabus Point 1 of *Russell v. State Automobile Mutual Insurance Company,* 188 W.Va. 81, 422 S.E.2d 803 (1992), states: " 'Where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial

construction or interpretation, but full effect will be given to the plain meaning intended.' Syllabus, *Keffer v. Prudential Ins. Co.*, 153 W.Va. 813, 172 S.E.2d 714 (1970)."

*Payne*, 195 W.Va. at 507, 466 S.E.2d at 166; *see* Syl. Pt. 3, *Am. States Ins. Co. v. Tanner*, 211 W.Va. 160, 563 S.E.2d 825 (2002). Thus, the overwhelming case law supports the established principle that "[l]anguage in an insurance policy should be given its plain, ordinary meaning." Syl. Pt. 1, *Soliva v. Shand, Morahan & Co., Inc.*, 176 W.Va. 430, 345 S.E.2d 33 (1986), *overruled, in part, on other grounds by National Mut. Ins. Co. v. McMahon & Sons, Inc.*, 177 W.Va. 734, 356 S.E.2d 488 (1987).

 As the Court opined in *Payne*, [t]he term "ambiguity" is defined as language "reasonably susceptible of two different meanings" or language "of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning [.]" Syl. pt. 1, in part, *Shamblin v. Nationwide Mut. Ins. Co.*, 175 W.Va. 337, 332 S.E.2d 639 (1985). Only if the court makes the determination that the contract cannot be given a certain and definite legal meaning, and is therefore ambiguous, can a question of *fact* be submitted to the jury as to the meaning of the contract. It is only when the document has been found to be ambiguous that the determination of intent through extrinsic evidence become a question of fact. Where a provision of an insurance policy is ambiguous, it is construed against the drafter, especially when dealing with exceptions and words of limitation. *See* Syl. pt. 1, *West Virginia Ins. Co. v. Lambert*, 193 W.Va. 681, 458 S.E.2d 774 (1995).

195 W.Va. at 507, 466 S.E.2d at 166. "[A] court[, however,] should read policy provisions to avoid ambiguities and not torture the language to create them." *Id.*

In reviewing the relevant State Farm policy language, the policy provides, in relevant part, that there is property damage liability coverage for trailers as follows: "The liability coverage extends to the ownership, maintenance or use, by an *insured*, of ... trailers designed to be pulled by a *private passenger car* or a *utility vehicle*...." The policy, however, contained the following provision precluding the extension of property damage liability coverage under the caption "When Coverage A Does Not Apply," as follows:

In addition to the limitations of coverage in **Who Is an Insured** and **Trailer Coverage:** THERE IS NO COVERAGE:

. . .

4. FOR ANY DAMAGES TO PROPERTY OWNED BY, RENTED TO, IN THE CHARGE OF OR TRANSPORTED BY AN *INSURED*....

The Court finds that the State Farm policy language initially extends property damage liability coverage and then places a limitation on the coverage extended. Even though the Appellees maintain that this creates an ambiguity in the policy language, the Court disagrees and finds the relevant policy language not only to be clear and unambiguous, but expressly allowed by the language of West Virginia Code § 17D–4–12(e).

 Moreover, the Appellees' contention that the use of the terms "in charge of" and/or "transported by" is ambiguous does not create an ambiguity. This Court has held that "[t]he mere fact that parties do not agree to the construction of a contract does not render it ambiguous. The question as to whether a contract is ambiguous is a question of law to be determined by the court." Syl. Pt. 1, *Berkeley County Pub. Serv. Dist. v. Vitro Corp. of America*, 152 W.Va. 252, 162 S.E.2d 189 (1968); *accord* Syl. Pt. 4, *Pilling v. Nationwide Mut. Fire Ins. Co.*, 201 W.Va. 757, 500 S.E.2d 870 (1997).

Again, the Court determines, based upon its review of the salient policy language, that there is no ambiguity in the phrases "in charge of" and/or "transported by." Likewise, other jurisdictions have reached similar results after examining this same or similar policy language derived from similar statutory language. For instance, the phrase "to property owned by, rented to, in charge of or transported by the insured" was found by the Court of Appeal of Louisiana for the First Circuit to be clear and unambiguous, as well as in compliance with the Motor Vehicle

Safety Responsibility Law of Louisiana. *Allstate Ins. Co. v. Reid,* 934 So.2d 56 (La.Ct. App.2005), *writ denied,* 942 So.2d 534 (La. 2006). In reaching this decision, the Louisiana Court relied upon the decision reached by the Court of Appeal of Louisiana for the Fifth Circuit in *State Farm Fire & Cas. Ins. Co. v. Delatte,* 806 So.2d 806(2001), wherein the court opined:

> Thus, if Delatte had injured another person by striking them or their property with the boat trailer at the time of the accident, the policy would provide liability coverage to him, although the injuries were caused by the trailer rather than by the insured vehicle. However, at issue in this case is not damages caused by the trailer, but rather damages to property being transported by Delatte[.]

*Reid,* 934 So.2d at 61; *see Babcock v. Farmers Ins. Exch.,* 299 Mont. 407, 999 P.2d 347 (2000) (finding no ambiguity in policy that contained express language that liability coverage was not applicable to property "in the charge of" or "being transported by" insured); *McMinn,* 777 P.2d at 1216 (determining that trailer borrowed from friend and damaged when it broke loose from pick-up truck not covered because insured was "in charge of" the trailer).

The Appellees place great weight on the decision reached by the Supreme Court of Montana in *Grimsrud v. Hagel,* 328 Mont. 142, 119 P.3d 47 (2005). While the issue before the court in *Grimsrud* was whether there was coverage for two snowmobiles that were being pulled by a trailer attached to the insured's vehicle, it was noted in the case that State Farm paid the claim for damage to the trailer, which was not owned by the insured. *Id.* at 50. The Appellees posit that this payment by State Farm in *Grimsrud* of the coverage that the Appellees seek State Farm to pay in the instant case somehow creates an ambiguity in the policy currently before the Court.

It is significant that there no support for the proposition that conduct creates an ambiguity in policy language as generally extrinsic evidence only comes into play after an ambiguity is found to exist. *See Payne,* 195 W.Va. at 507, 466 S.E.2d at 166 ("It is only when the document has been found to be ambiguous that the determination of intent through extrinsic evidence become a question of fact. Where a provision of an insurance policy is ambiguous, it is construed against the drafter, especially when dealing with exceptions and words of limitation. *See* Syl. pt. 1, *West Virginia Ins. Co. v. Lambert,* 193 W.Va. 681, 458 S.E.2d 774 (1995).").

Further, notwithstanding the passing statement by the Montana court regarding the trailer damage being part of the property damage coverage, the Montana court upheld the lack of coverage for the snowmobiles under essentially the same policy and statutory language that is now before the Court. The court in *Grimsrud* ultimately held as follows:

> That transported property is excluded from the mandatory coverage provided to an insured is not inconsistent with the purpose and intent of the MPLA.... It was Grimsrud and Wentz, who knowingly entrusted their snowmobiles to Hagel's driving, for whom the MLPA does not mandate coverage. They opted to take the risk, at least to the amount of the loss not within their personal coverage, when they entrusted their friend with the care of their property. We conclude that an exclusion from motor vehicle liability insurance coverage that meets the requirements of § 61-6-103(5), MCA, is not invalid....
>
> State Farm denied coverage to its insured, Hagel, for property transported by him pursuant to a valid exclusion in its policy.

*Grimsrud,* 119 P.3d at 52.

Similarly, in the instant case, it was Mr. Parker who entrusted his trailer to Mr. Blake's driving. Mr. Parker took the risk and could have verified either under his own insurance policy or Mr. Blake's insurance policy whether he would have had coverage for any accident that might occur involving his trailer prior to letting Mr. Blake borrow it. In other words, unlike the unsuspecting third party involved in an accident who can not arrange for the possibility of the accident before it occurs and make sure that coverage for such accident was in place, Mr.

Blake and Mr. Parker had the opportunity to provide for such an occurrence and did not.[6]

## IV. Conclusion

Based upon the foregoing, the decision of the Circuit Court of Marshall County, West Virginia, is hereby reversed and this case is remanded to that court for entry of an Order consistent with this Opinion.

Reversed and remanded.

**6.** As ancillary matters, the circuit court also erred in its determinations that the Appellees had reasonable expectations of coverage and that State Farm had a duty to defend Mr. Blake in the Magistrate Court action. First, regarding reasonable expectations of coverage, as the Court most recently stated in *Blankenship v. City of Charleston*, 223 W.Va. 822, 679 S.E.2d 654 (2009),

> [w]here an insurance policy is clear and unambiguous, "[t]he court is bound to adhere to the insurance contract as the authentic expression of the intention of the parties, and it must be enforced as made where its language is plain and certain." *Keffer v. Prudential Insurance Company of America,* 153 W.Va. 813, 816, 172 S.E.2d 714, 716 (1970). "[T]he court cannot make a new contract for the parties where they themselves have employed express and unambiguous words." *Id.* Consequently, it is unnecessary to consider any argument raised regarding the reasonable expectation of coverage

based on extrinsic evidence of intent of the parties, such as the application for insurance. As we explained in *National Mutual Insurance Co. v. McMahon & Sons, Inc.,* "[i]n West Virginia, the doctrine of reasonable expectations is limited to those instances ... in which the policy language is ambiguous." 177 W.Va. at 742, 356 S.E.2d at 496.

*Blankenship,* 223 W.Va. at 825, 679 S.E.2d at 657. Because the Court determines that there is no ambiguity in the State Farm policy language at issue, there can be no reasonable expectation of insurance coverage.

Further, given the Court's determination that there was no coverage for the trailer under the State Farm policy, then State Farm had no duty to defend Mr. Blake in the action brought by Mr. Parker. *Id.* (determining that "[b]ecause the policy did not extend insurance coverage to the type of project giving rise to the injury in question," lower court correctly found no duty to defend or indemnify).