UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHATTANOOGA PROFESSIONAL
BASEBALL LLC, DBA Chattanooga
Lookouts; AGON SPORTS AND
ENTERTAINMENT LLC; BOISE
HOSPITALITY AND FOOD SERVICES
LLC; BOISE PROFESSIONAL
BASEBALL LLC; COLUMBIA
CONCESSIONS & CATERING LLC;
COLUMBIA FIREFLIES LLC, DBA
Columbia Fireflies; EUGENE
EMERALDS BASEBALL CLUB, INC.,
DBA Eugene Emeralds; FORT WAYNE
PROFESSIONAL BASEBALL LLC,
DBA Fort Wayne TinCaps;
FREDERICKSBURG BASEBALL LLC,
DBA Fredericksburg Nationals; FRISCO
ROUGHRIDERS LP, DBA Frisco
Roughriders; GREENJACKETS
BASEBALL LLC; GREENJACKETS
HOSPITALITY FOOD & BEVERAGE
SERVICES LLC; IDAHO FALLS
BASEBALL CLUB, INC., DBA Idaho
Falls Chukars; INLAND EMPIRE 66ERS
BASEBALL CLUB OF SAN
BERNARDINO, INC., DBA Inland
Empire 66ers; JETHAWKS BASEBALL
LP, DBA Lancaster Jethawks; MYRTLE
BEACH PELICANS LP, DBA Myrtle
Beach Pelicans; PANHANDLE
BASEBALL CLUB, INC., DBA Amarillo
Sod Poodles; SAJ BASEBALL LLC; SAN
ANTONIO MISSIONS BASEBALL
CLUB, INC., DBA San Antonio Missions;
7TH INNING STRETCH LLC, DBA

No.    20-17422

D.C. No. 2:20-cv-01312-DLR
District of Arizona,
Phoenix

ORDER

Stockton Ports; WEST VIRGINIA
BASEBALL LLC, DBA West Virginia
Power; BOWIE BAYSOX BASEBALL
CLUB LLC; FREDERICK KEYS
BASEBALL CLUB LLC; SWING
BATTER SWING LLC, DBA South Bend
Cubs,

        Plaintiffs-Appellants,

v.

NATIONAL CASUALTY COMPANY;
SCOTTSDALE INDEMNITY
COMPANY; SCOTTSDALE
INSURANCE COMPANY,

        Defendants-Appellees.

Before:  CHRISTEN and FORREST, Circuit Judges, and ANELLO,[*] District Judge.

The memorandum disposition filed on October 1, 2021, is amended, and the amended memorandum disposition is filed concurrently with this order.  The panel has unanimously voted to deny the petition for panel rehearing.  Judges Christen and Forrest have voted to deny the petition for rehearing en banc, and Judge Anello has so recommended.  The petition for panel rehearing and petition for rehearing

---

[*]    The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

en banc (Dkt. 48) are DENIED.[1] *See* G.O. 5.3(a) (providing that an off-panel judge has 7 days from the filing of the amended memorandum disposition to notify the panel and other members of the court that he or she is considering making an en banc call on the basis of the amendment).

No future petitions for rehearing or rehearing en banc will be entertained.

---

[1] The application for permission to file an amicus curiae brief (Dkt. 51) is GRANTED.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHATTANOOGA PROFESSIONAL
BASEBALL LLC, DBA Chattanooga
Lookouts; et al.,

        Plaintiffs-Appellants,

v.

NATIONAL CASUALTY COMPANY; et
al.,

        Defendants-Appellees.

No.   20-17422

D.C. No. 2:20-cv-01312-DLR

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted August 11, 2021
San Francisco, California

Before:  CHRISTEN and FORREST, Circuit Judges, and ANELLO,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

Owners and operators of several professional baseball teams (collectively, the Teams)[1] appeal the district court's order granting National Casualty Company, Scottsdale Indemnity Company, and Scottsdale Insurance Company's (collectively, the Insurers) motion to dismiss the Teams' claims for breach of contract and anticipatory breach of contract. We review de novo an order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). We review only the complaint, materials incorporated by reference into the complaint, and judicially noticeable matters. *Karasek v. Regents of the Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020). "A complaint will not survive a motion to dismiss unless it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[1] Chattanooga Professional Baseball LLC; Agon Sports and Entertainment LLC; Boise Hospitality and Food Services LLC; Boise Professional Baseball LLC; Bowie Baysox Baseball Club LLC; Columbia Concessions & Catering LLC; Columbia Fireflies LLC; Eugene Emeralds Baseball Club Inc.; Fort Wayne Professional Baseball LLC; Frederick Keys Baseball Club LLC; Fredericksburg Baseball LLC; Frisco Roughriders LP; Greenjackets Baseball LLC; Greenjackets Hospitality Food & Beverage Services LLC; Idaho Falls Baseball Club Inc.; Inland Empire 66ers Baseball Club of San Bernardino Inc.; Jethawks Baseball LP; Myrtle Beach Pelicans LP; Panhandle Baseball Club Inc.; SAJ Baseball LLC; San Antonio Missions Baseball Club Inc.; Swing Batter Swing LLC; West Virginia Baseball LLC; and 7th Inning Stretch LLC.

on its face.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

1.      The Teams filed their complaint in the district court in Arizona.  Thus, Arizona's choice-of-law rules apply.  *See Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000).  For insurance contract disputes, Arizona law applies the law of the "state which the parties understood was to be the principal location of the insured risk."[3] *Beckler v. State Farm Mut. Auto. Ins. Co.*, 987 P.2d 768, 772 (Ariz. Ct. App. 1999) (emphasis omitted) (citation omitted).  Because the Teams' insured risks are their ballparks, the laws of the ten states where they are located apply, respectively, to the individual claims of the owners and operators.

The Teams argue that the virus exclusion in their policies does not preclude all coverage for their claimed losses because they alleged their losses were attributable to other causes not implicated by the virus, including the attendant disease, resulting pandemic, governmental responses to the pandemic, and Major League Baseball (MLB) not supplying players.  The virus exclusion in the Teams' policies excludes:

---

[2] Because the parties are familiar with the facts, we recite only those necessary to decide this appeal.

[3] The baseball teams are located in the following ten states: California, Idaho, Indiana, Maryland, Oregon, South Carolina, Tennessee, Texas, Virginia, and West Virginia.

3

loss or damage caused by or resulting from any virus,
bacterium or other microorganism that induces or is
capable of inducing physical distress, illness or disease.

Whether this exclusion bars coverage for the Teams' claimed losses turns on how the laws of the states implicated in this appeal determine causation.[4]

Three of the ten relevant states—California, Oregon, and West Virginia—have expressly held that the proper method to determine causation is the efficient proximate cause analysis.[5] Five of the other seven states—Idaho, Indiana, Maryland, Tennessee, and South Carolina—have either applied or been persuaded by this analysis.[6] The two remaining states, Texas and Virginia, use other methods to determine causation.

---

[4] The Teams argue that the lack of an anti-concurrent clause applicable to or within the virus exclusion allows coverage for multiple contributing causes. Because the Teams did not make this argument in the district court, we decline to consider it. *See In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000).

[5] *See, e.g.*, *Sabella v. Wisler*, 377 P.2d 889, 895 (Cal. 1963); *Naumes, Inc. v. Landmark Ins. Co.*, 849 P.2d 554, 555 (Or. Ct. App. 1993); *W. Va. Fire & Cas. Co. v. Mathews*, 543 S.E.2d 664, 668 (W. Va. 2000) (per curiam).

[6] *See, e.g.*, *ABK, LLC v. Mid-Century Ins. Co.*, 454 P.3d 1175, 1185 (Idaho 2019); *Hartford Cas. Ins. Co. v. Evansville Vanderburgh Pub. Libr.*, 860 N.E.2d 636, 647 (Ind. Ct. App. 2007); *Hartford Steam Boiler Inspection & Ins. Co. v. Henry Sonneborn & Co.*, 54 A. 610, 611–12 (Md. Ct. App. 1903); *Travelers Ins. Co. v. Aetna Cas. & Sur. Co.*, 491 S.W.2d 363, 367 (Tenn. 1973); *Unisun Ins. v. Hawkins*, 537 S.E.2d 559, 563 (S.C. Ct. App. 2000).

**The Efficient Proximate Cause Analysis.** The term "efficient proximate cause" generally refers to the cause "that sets the other causes in motion," 7 Couch on Ins. § 101:55 (3d ed. 2021), or "the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster," *Sabella*, 377 P.2d at 895 (quoting 6 Couch on Ins. § 1466 (1930)). Some courts, in defining "efficient proximate cause," have explained that "coverage would not exist if the covered risk was simply a *remote* cause of the loss, or if an excluded risk was the efficient proximate (meaning predominant) cause of the loss" and "the fact that an excluded risk contributed to the loss would not preclude coverage if such a risk was a remote cause of the loss." *Garvey v. State Farm Fire & Cas. Co.*, 770 P.2d 704, 707 (Cal. 1989) (in bank); *see also Leavitt v. Stamp*, 293 P. 414, 416 (Or. 1930); *W. Va. Fire & Cas. Co.*, 543 S.E.2d at 668.

For the states that determine causation according to the efficient proximate cause analysis, the Teams' argument that the virus exclusion does not apply fails. Although the "attendant disease, resulting pandemic, and governmental responses" might have affected the Teams' claimed losses, the Teams do not plausibly allege that any of these other causes, and not the spread of the COVID-19 virus, were the "efficient proximate cause" that set others in motion, *Sabella*, 377 P.2d at 895, and

5

predominated, *Garvey*, 770 P.2d at 707. So too for governmental inaction or actions taken in response to the virus. The Teams have not plausibly alleged that the need for the government to act in the first place—i.e., the context in which any alleged governmental inaction or action arose—was something other than the COVID-19 virus. The Teams also fail to plausibly allege that MLB did not supply them with players for a reason independent of the spread of COVID-19. In fact, the Teams' allegations suggest the opposite by noting that 2019 was the first year in more than 100 years that minor-league baseball was not played. For the states implicated in this appeal that determine causation according to the efficient proximate cause analysis, the district court correctly concluded the virus exclusion bars coverage.

**Texas and Virginia.** In Texas, "when a loss is caused by concurrent perils, one of which is covered and one of which is excluded, the burden is on the insured to identify the portion of her loss attributable to the covered peril." *Wong v. Monticello Ins. Co.*, No. 04-02-00142-CV, 2003 WL 1522938, at *1 (Tex. App. Mar. 26, 2003) (citing *Travelers Indem. Co. v. McKillip*, 469 S.W.2d 160, 162 (Tex. 1971)). The Teams' causation argument fails under Texas law because the Teams do not plausibly allege or argue on appeal that there were concurrent causes

of the Teams' claimed losses that are susceptible to allocation. The Teams' alleged causes all patently flow from the COVID-19 virus.

In Virginia, the "proximate cause" analysis has been applied in the insurance context, *see, e.g.*, *Erie Ins. Co. Exch. v. Jones*, 448 S.E.2d 655, 658–59 (Va. 1994), and "[t]he proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred," *Kellermann v. McDonough*, 684 S.E.2d 786, 793 (Va. 2009) (quoting *Beverly Enterprises–Virginia, Inc. v. Nichols*, 441 S.E.2d 1, 4 (Va. 1994)). The Teams' causation argument fails under Virginia law because the Teams do not plausibly allege that the other alleged causes of their losses were "efficient intervening cause[s]" that broke the causal chain stemming from the COVID-19 virus.

2.     The Teams argue that even if the virus exclusion applies, it is unenforceable pursuant to the doctrines of regulatory estoppel (under federal and state law) and equitable estoppel. We disagree. As for regulatory estoppel under federal law, the Teams cite no authority to adequately support the proposition that federal law recognizes regulatory estoppel. As for regulatory estoppel under state law, the Teams' argument fails for two reasons. First, the Teams acknowledge that of the ten states implicated in this appeal, only one has even arguably applied the

7

doctrine of regulatory estoppel (West Virginia), and the Teams fail to establish that the other nine states would adopt the doctrine if presented with the opportunity. Second, the West Virginia case is distinguishable because the record there included the insurer's internal memorandum indicating its policy covered the liabilities at issue. *See Joy Techs., Inc. v. Liberty Mut. Ins. Co.*, 421 S.E.2d 493, 498 (W. Va. 1992).

The Teams further argue that they have alleged sufficient claims for equitable estoppel under the laws of the states implicated in this appeal. Although the test for equitable estoppel varies somewhat across the ten states,[7] absent misrepresentations regarding the scope of coverage made to the insured, equitable

---

[7] *See, e.g.*, *Rustico v. Intuitive Surgical, Inc.*, 993 F.3d 1085, 1096 (9th Cir. 2021) (California); *Shoup v. Union Sec. Life Ins. Co.*, 124 P.3d 1028, 1030–31 (Idaho 2005); *Ashby v. Bar Plan Mut. Ins. Co.*, 949 N.E.2d 307, 312–13 (Ind. 2011); *St. Paul Mercury Ins. Co. v. Am. Bank Holdings, Inc.*, 819 F.3d 728, 739 (4th Cir. 2016) (Maryland); *Spring Vegetable Co. v. Hartford Cas. Ins. Co.*, 801 F. Supp. 385, 392 (D. Or. 1992); *Crescent Co. of Spartanburg, Inc. v. Ins. Co. of N. Am.*, 225 S.E.2d 656, 659 (S.C. 1976); *Henry v. S. Fire & Cas. Co.*, 330 S.W.2d 18, 30 (Tenn. Ct. App. 1958); *Monumental Life Ins. Co. v. Hayes-Jenkins*, 403 F.3d 304, 311 (5th Cir. 2005) (Texas); *Harris v. Criterion Ins. Co.*, 281 S.E.2d 878, 881 (Va. 1981); *Potesta v. U.S. Fid. & Guar. Co.*, 504 S.E.2d 135, 150 (W. Va. 1998).

estoppel cannot be used to expand the scope of coverage.[8]  The Teams do not

allege that they relied on misrepresentations in their policies or misrepresentations

made by the Insurers.[9]

**AFFIRMED.**

---

[8] *See, e.g.*, *Manneck v. Laws. Title Ins. Corp.*, 33 Cal. Rptr. 2d 771, 777 (Ct. App. 1994); *Shoup*, 124 P.3d at 1030–31; *Ill. Farmers Ins. Co. v. Overman*, 186 F. Supp. 3d 938, 944 (N.D. Ind. 2016); *Hartford Fire Ins. Co. v. Annapolis Bay Charters, Inc.*, 69 F. Supp. 2d 756, 763 (D. Md. 1999); *DeJonge v. Mut. of Enumclaw*, 843 P.2d 914, 916 (Or. 1992) (en banc); *Pitts v. N.Y. Life Ins. Co.*, 148 S.E.2d 369, 371 (S.C. 1966); *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 438 (Tenn. 2012); *SnyderGeneral Corp. v. Great Am. Ins. Co.*, 928 F. Supp. 674, 683 (N.D. Tex. 1996); *Ins. Co. of N. Am. v. Atl. Nat'l Ins. Co.*, 329 F.2d 769, 775 (4th Cir. 1964) (Virginia); *Blake v. State Farm Mut. Auto. Ins. Co.*, 685 S.E.2d 895, 900–01 (W. Va. 2009) (per curiam).

[9] The Teams also argue that the district court erred by relying, in the alternative, on the Policies' exclusion of losses "caused by or resulting from . . . [s]uspension, lapse or cancellation of any . . . contract" as another basis for dismissing the Teams' complaint.  We agree.  The Teams' complaint alleged that MLB *breached* its contracts with the Teams by failing to supply them with players, not that any of their contracts with MLB had lapsed or were suspended or cancelled.  Because we can affirm the district court on any basis supported by the record, this error does not change the outcome.  *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).