**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0388** (Webster County 11-F-41)

**Jason Dancy,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner's appeal, by counsel Christopher G. Moffatt, arises from the Circuit Court of Webster County, wherein he was sentenced to a term of incarceration of one to three years following his entry of a guilty plea to third offense driving while license revoked for driving under the influence of alcohol by order entered on February 21, 2012. The State, by counsel Andrew D. Mendelson, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2011, petitioner pled guilty to third offense driving while license revoked for driving under the influence of alcohol. At the sentencing hearing in February of 2012, the circuit court found that petitioner had tested positive for oxycodone and opiates on his preliminary drug screen for the hearing, and also found that his use of controlled substances violated the terms of his home confinement. Petitioner was thereafter sentenced to one to three years of incarceration for his conviction of third offense driving while license revoked for driving under the influence of alcohol.

On appeal, petitioner alleges that West Virginia Code § 17B-4-3 is unconstitutional because the title of the statute does not reference the revocation of driving privileges, but simply references a driver's license. Citing Article VI, Section 30 of the West Virginia Constitution, petitioner argues that no act shall embrace more than one object as expressed in the title. Thus, petitioner argues that the statute in question only applies to the revocation of a driver's license. However, because he was never issued a driver's license, petitioner argues that he cannot be guilty of the crime in question. Further, petitioner argues that the statute in question deceives and misleads the public as to the content therein and denies fair notice.

1

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Further, "'[w]here the issue on an appeal from the circuit court is clearly a question of law . . . involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 2, *Thomas v. Morris*, 224 W.Va. 661, 687 S.E.2d 760 (2009). Upon our review, we find no merit in petitioner's assignment of error. Obviously the driver's license constitutes the physical manifestation of one's driving privilege, and as such the petitioner's constitutionality argument as to the statute embracing more than one object lacks merit.

Further, this Court has previously stated that "[w]hen the administrative sanction of license suspension or revocation is imposed . . . an individual loses both the driver's license and the privilege to operate a motor vehicle on the public highways of this state." Syl. Pt. 2, *State ex rel. Sergent v. Nibert*, 220 W.Va. 520, 648 S.E.2d 26 (2007). As such, we find no error in the sentence imposed.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II